THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE VILLAGE OF SOUTH GLENS FALLS, Relator, v. THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK FOR THE SECOND DISTRICT and THE UNITED GAS, ELECTRIC LIGHT AND FUEL COMPANY, Respondents.

*Public Service Commission — gas company — price to be charged — franchise restriction.*

Certiorari issued out of the Supreme Court February 2, 1918, to review the determination of the Public Service Commission for the Second District, dismissing the complaint of the relator against the United Gas, Electric Light and Fuel Company.

Determination reversed, with fifty dollars costs and disbursements, and matter remitted to the Commission for its action, on the authority of *Matter of Quinby* v. *Public Service Commission* (223 N. Y. 244). All concurred, except Lyon, J., dissenting, with an opinion.

LYON, J. (dissenting): The single question presented by this proceeding is the right of the Public Service Commission to permit the United Gas, Electric Light and Fuel Company to charge for gas furnished by it a rate in excess of that fixed by its franchise. The facts are conceded. In September, 1900, the trustees granted to said company the right to lay mains in the streets of the village and to operate a gas system within the corporate limits, upon the condition, among others, that said company should charge for gas not to exceed one dollar and twenty-five cents per 1,000 cubic feet. This condition was embodied in an agreement executed by the village and by said company. Such rate was maintained until August 1, 1917, when the company, in accordance with a schedule filed with the Public Service Commission the preceding June, increased its rate to one dollar and sixty cents per 1,000 feet, which rate it has since maintained. The trustees of the village thereupon filed with the Public Service Commission a complaint asking that it disapprove and reject the schedules filed with it, and prohibit and restrain the gas company from charging a higher rate than that specified in the condition upon which the license was given, and also asking that the company be compelled to refund the excess charges collected by it. The gas company thereupon filed its answer to the complaint alleging that its increase of rates was reasonable and fair, and made necessary by the fact that during the preceding five and one-half years the price of coal at contract prices had advanced nearly seventy-five per cent; that the cost of manufacturing labor had advanced upwards of fifty-five per cent; that taxes had increased upwards of thirty-seven per cent; all of which had resulted in a cost to the gas company of upwards of one dollar and seventy-five cents per 1,000 feet for gas delivered to consumers, and that unless the company was permitted to obtain additional revenue by means of increased rates it would be obliged to discontinue the business of furnishing gas in said village. The answer also alleged that such increased rates were necessary in order that it might properly serve the public and receive any return upon its capital expended in the business

and out of its income make reservations for supplies and contingencies. Following a hearing before the Public Service Commission, in which the facts were conceded, the Commission decided that the maximum rate fixed as a condition of the village granting the license was not controlling, so as to prevent the Commission increasing the rate in case that fixed by the franchise was insufficient to enable the company to earn a fair return upon the value of the property employed by it in the public service. The attorney for the relator stipulated that " They propose in this court to raise only the question as to whether or not the provision in the respective franchises is binding, and whether it can be abrogated in any way by the gas companies, or by any determination of this board as to the reasonableness of their rates." The Commission thereupon on December 27, 1917, dismissed the complaint and closed the case on its records, and denied the motion for a rehearing, the Commission holding that the condition in the franchise granted was not controlling so as to prevent it from authorizing an increase in that rate, and that as the complainants did not propose to test the reasonableness of the increased rate, it was their duty to dismiss the complaint. In 1910 the Public Service Commissions Law was amended.* Thereafter it provided (§ 66, subd. 5) that " Whenever the Commission shall be of opinion, after a hearing had upon its own motion or upon complaint, that the rates or charges * * * are unjust * * * the Commission shall determine and prescribe the just and reasonable rates." Subdivision 12 of section 66 provided for the filing with the Commission schedules showing the rate or rates and charges, and that unless otherwise ordered by the Commission no change shall be made except after thirty days' notice to the Commission and publication as directed by it. Section 72 provided that " After a hearing and after such an investigation as shall have been made by the Commission or its officers, * * * the Commission within lawful limits may, by order, fix the maximum price of gas or electricity not exceeding that fixed by statute to be charged by such corporation or person, for the service to be furnished * * *. In determining the price to be charged for gas or electricity the Commission may consider all facts which in its judgment have any bearing upon a proper determination of the question * * *, with due regard among other things to a reasonable average return upon capital actually expended and to the necessity of making reservations out of income for surplus and contingencies." Under the concession the Commission had before it no complaint as to the reasonableness of the rate fixed by the gas company. Under the broad powers conferred upon the Commission by the statute we think that the Commission was right in dismissing the complaint. The determination of the Commission should be affirmed, with fifty dollars costs and disbursements.

* Consol. Laws, chap. 48; Laws of 1910, chap. 480.— [REP.