PUBLIC SERVICE COMMISSION, SECOND DISTRICT, Appellant, *v.* PAVILION NATURAL GAS COMPANY, Respondent.

Third Department, February 28, 1921.

Gas and electricity — franchise fixing maximum rates for gas — power of Legislature to change rates — powers of Public Service Commission — change above maximum cannot be made by company by giving notice to Public Service Commission and publication — Public Service Commissions Law, section 66, subdivisions 5 and 12, construed.

A stipulation in a franchise granted by a village to a gas company, fixing the maximum price which it will charge for gas furnished to the inhabitants of a village is a contract, but it is subject to the police power of the

State and may be modified for the public welfare, and the Legislature has conferred this power on the Public Service Commission.

Subdivision 12 of section 66 of the Public Service Commissions Law does not authorize a gas company to change its rates above the maximum prescribed by its franchise by giving thirty days' notice to the Public Service Commission and by publication for thirty days. Said subdivision applies to cases where a maximum rate is not fixed by the franchise contract or where the change is within the maximum, but where there is a maximum rate fixed in the franchise and the proposed rate exceeds it, subdivision 5 of section 66 applies.

KILEY, J., dissents, with opinion.

APPEAL by the plaintiff, Public Service Commission, Second District, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 27th day of May, 1920, upon the decision of the court, rendered after an inquiry at the Albany Special Term into the facts and circumstances as required by section 74 of the Public Service Commissions Law, dismissing plaintiff's petition upon the merits.

*Ledyard P. Hale,* for the appellant.

*James M. E. O'Grady,* for the respondent.

VAN KIRK, J.:

A stipulation in a franchise granted by a village to a gas company, fixing the maximum price which it will charge for gas furnished to the inhabitants of the village, is a contract; but it is a contract which is subject to the police power of the State and may be modified for the public welfare. The exercise of this power rests in the Legislature, which may confer the exercise of the power upon the Public Service Commission. The Legislature has conferred this power upon the Public Service Commission. (Pub. Serv. Comm. Law, § 66, subd. 5; Id. § 72;* *People ex rel. Village of South Glens Falls* v. *P. S. Comm.,* 225 N. Y. 216, 223.) In this case the Public Service Commission has not exercised its power and the power has not been otherwise delegated by the Legislature than to the Public Service Commission.

The delegation of this power must be distinct and express. Subdivision 12 of section 66 of the Public Service Commis-

---

* Since amd. by Laws of 1920, chap. 542.— [REP.

sions Law* grants power to require every gas company to file its rates and charges made, and provides how such charges may be changed, but it does not purport to give the gas company power to change its franchise contract by simply giving thirty days' notice to the Commission and by publication for thirty days to the public. This would empower the gas company to change its rate by default and not under the police power of the Legislature, exercised directly or indirectly. It seems a perfectly consistent construction of the statute, giving effect to all its parts, to hold that subdivision 12 applies to cases where a maximum rate, for gas to be furnished to inhabitants of the village, is not fixed by the franchise contract, or where the proposed change is within the maximum rate; and that, where there is a franchise contract fixing such maximum rate, and the proposed rate exceeds it, subdivision 5 applies; otherwise one party to the contract would be authorized to change that contract without distinct and express authority from the Legislature. (*Town of North Hempstead* v. *Pub. Serv. Corp.*, 193 App. Div. 224.)

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concur, except KILEY, J., dissenting, with an opinion.

KILEY, J. (dissenting):

The defendant, respondent, herein is a domestic corporation, organized in November, 1905. It owns and operates a gas plant in the counties of Genesee and Livingston, N. Y. From the meager record before us I think we may infer that its principal business office is at Pavilion, N. Y. Since its incorporation it has been procuring and distributing natural gas in the locality where it is now operating. Different rates prevail in the different towns and villages in which its gas is distributed. The distribution of this gas to the consumer is permitted by a franchise from the several towns and villages, granted upon an agreement, on the part of respondent, incorporated in the franchise, that the maximum rate charged for gas per 1,000 cubic feet should not exceed the amount named in the franchise. In August, 1919, respondent, as petitioner,

---

* Since amd. by Laws of 1920, chap. 542.— [REP.

filed its petition with the Public Service Commission, Second District, for permission to increase its rates to consumers to an amount in excess of the rates fixed by the agreement in the franchise; no evidence was taken; some negative direction was given by the Commission, which proceeding was found by the court at Special Term upon the hearing herein had not to have conferred jurisdiction upon the Commission to make any order fixing rates; that there was no evidence upon which the Commission could legally act, or base a finding and whatever it did in that regard was of no binding force. With that finding I fully agree. An ineffectual order is no order at all. The respondent evidently reached the same conclusion and on February 7, 1920, filed a schedule of rates at eighty-five cents per 1,000 cubic feet with a discount of ten cents per 1,000 cubic feet for payment within a time limited by said schedule so filed. The Public Service Commission has no power not conferred upon it by statute; it has no implied powers which it can exercise through a second or third deputy clerk over the telephone; its acts to be valid must be in their nature judicial. The Public Service Commissions Law was enacted for the benefit, alike, of the producer and consumer, lodging the right of the initiative in them as well as in the Commission. (*Public Service Commission* v. *Iroquois Nat. Gas Co.*, 184 App. Div. 285; affd., 226 N. Y. 580, without opinion.) Section 66, subdivision 12,* after stating the power lodged in the Public Service Commission to require gas and electrical corporations to keep open for public inspection their schedule of rates and each and every privilege they have, with facilities for the same, provides further: " Unless the Commission otherwise orders, no change shall be made in any rate or charge, or in any form of contract or agreement or any rule or regulation relating to any rate, charge or service, or in any general privilege or facility, which shall have been filed and published by a gas ·corporation, an electrical corporation or municipality in compliance with an order of the Commission, *except after thirty days' notice to the Commission and publication for thirty days as required by order of the Commission,* which shall plainly state ' the changes proposed to be made in the schedule then in force *and the*

---

* Since amd. by Laws of 1920, chap. 542.— [REP.

*time when the change will go into effect.* The Commission for good cause shown may allow changes without requiring the thirty days' notice under such conditions as it may prescribe." Under this provision of the statute the respondent filed its schedule of rates as aforesaid. These rates are higher than the rates provided for in its franchise. The appellant entertained the opinion that respondent was violating the law because of such charge for gas in excess of the rates named in the franchise. Under section 74 of the Public Service Commissions Law the Commission instituted these proceedings by a petition dated April 15, 1920. The respondent answered, issue was joined, the matter came on for a hearing in April, 1920. The only question litigated was whether respondent violated any law in filing its schedule of rates and collecting thereunder. We have agreed heretofore herein, with the Special Term, that there was no prior legal order prohibiting the action of the respondent. (See 111 Misc. Rep. 692.) The remaining question is could the gas company increase its rates over the limit provided for in the franchise agreement, by filing its schedule and giving the notice, as provided in section 66, subdivision 12, of the Public Service Commissions Law. The appellant argues that it cannot be done without the intervention of the Public Service Commission. *First.* Because it is in violation of a previous order made by the Commission. *Second.* That to increase the rates over the agreed limit in the franchise agreement, the Public Service Commission must affirmatively act by giving its approval. The first ground is already disposed of, contrary to the contention of the appellant; that leaves the second ground for consideration, not as an original proposition, but in the light of decisions heretofore made involving similar situations. *Town of North Hempstead* v. *Pub. Serv. Corp.* (193 App. Div. 224) involves the same questions presented upon this appeal and is relied upon by appellant to sustain its contention. It is the only case sustaining appellant upon the same state of facts, and is sufficient if it may be regarded as the settled law of this State. The opinion is an able one and I should hesitate to differ with the learned judge who wrote it, but I feel that the statute (Pub. Serv. Comm. Law, § 66, subd. 12) and cases in the Court of Appeals overrule the conclusion reached in the *Hempstead Case* (*supra*). *First.* As to the Public Service

Commissions Law (*supra*). The thirty-day interim between the filing of the proposed rates; the notice to the Commission, and notice to the consumers, people, by publication of the intention to raise the rates and the extent of such raise, before the proposed raise can go into effect, mean more than a mere formality. I conceive its purpose to be that any one affected and dissatisfied with the proposed raise in rates may take action to prevent it before such rates go into effect. The procedure is orderly and it is expeditious if the parties desire to make it so. It gives both parties certain rights, which if their exercise is just and reasonable, can be maintained without the intervention of any other body. If, however, complaint is made, or the Commission itself has reason to believe that the procedure of the gas company is not just and reasonable, action is provided for under sections 71, 72* and 74 of the Public Service Commissions Law. That such procedure meets the approval of the Court of Appeals seems apparent in the *Iroquois Natural Gas Company Case* (*supra*). It is appreciated that the circumstances are somewhat different in the two cases, but I think this procedure is approved. In *People ex rel. Village of South Glens Falls* v. *P. S. Comm.* (225 N. Y. 216) the village granted to the United Gas, Electric Light and Fuel Company a franchise through its streets for fifty years, in consideration that it should not charge to exceed one dollar and twenty-five cents per 1,000 cubic feet of gas for illuminating or fuel purposes. This was in 1900. The opinion says: " In August of 1917 the gas company increased its rate to one dollar and sixty cents ($1.60) per thousand cubic feet." It does not disclose in the opinion in the Court of Appeals by what method the raise was effected, but the dissenting opinion in the Appellate Division (185 App. Div. 912) shows that section 66, subdivision 12, was considered and followed by the gas company. The *South Glens Falls Case* (*supra*) is controlling here. •

I favor affirmance.

Judgment reversed and a new trial granted, with costs to the appellant to abide the event.

---

* Since amd. by Laws of 1920, chap. 542.— [REP.