VILLAGE OF WARSAW, Plaintiff, *v.* PAVILION NATURAL
GAS COMPANY, Defendant.

(Supreme Court, Wyoming Trial Term, August, 1921.)

Injunctions — natural gas companies — police power — an agreement entered into in 1909 for supplying natural gas not subject to a statute subsequently enacted authorizing an increase in rates — Public Service Commissions Law, § 66(12).

That the legislature in the exercise of the police power may authorize the public service commission to fix the rates a natural gas company may charge, notwithstanding any franchise agreement as to such rates, does not warrant the assumption that one party to such an agreement may be authorized to repudiate its contract obligations and double the financial obligations of the other party, merely by asserting an intention so to do.

The rate fixed by a franchise agreement entered into in 1909 with the village of Warsaw for supplying natural gas for the individual consumers in the municipality is not subject to the statute (Public Service Commissions Law, § 66, subd. 12) subsequently enacted and authorizing the gas company to increase its rates by filing with the public service commission a schedule of new rates and a publication thereof as ordered by the commission.

The contract rates specified in said franchise agreement were in force during the period from March 10, 1920, to December 9, 1920, on which date the public service commission, by an order, established an eighty cent rate. *Held,* that said order of the public service commission not being retroactive, the city was entitled to a permanent injunction restraining the collection of any charges for gas during that period, in excess of the franchise rate.

ACTION for an injunction restraining defendant from making certain charges for natural gas for fuel.

Clarence H. Greff and Arthur E. Sutherland, for plaintiff.

James M. E. O'Grady, for defendant.

BROWN, J.   On April 14, 1909, plaintiff granted to defendant a franchise for supplying natural gas in the village to its customers in which the defendant agreed that it would not charge to exceed forty cents per 1,000 cubic feet for such gas.   Under such agreement and franchise defendant furnished such gas, charging therefor forty cents per 1,000 for more than ten years. In August, 1919, defendant filed with the public service commission a petition for an order permitting it to charge at the rate of eighty-five cents per 1,000 cubic feet for the natural gas supplied by it to its domestic customers.   After a hearing upon the issues presented by defendant's petition and plaintiff's answer, an order was made by the public service commission on December 9, 1920, authorizing defendant to charge a maximum price of eighty cents for such gas for a period of one year thereafter and until such order should be changed by the commission. During the pendency of such proceeding before the public service commission, and on February 7, 1920, the defendant filed with the public service commission a schedule announcing that it proposed to increase its charge for natural gas from forty cents per 1,000 to eighty-five cents per 1,000, to become effective March 10, 1920.   The defendant claiming the right to increase its charge for natural gas from forty cents to eighty-five cents per 1,000 by virtue of the fact that it had filed its schedules of such increased rates February 7, 1920, to become effective March 10, 1920, and threatening to enforce such increased charge, this action was commenced in April, 1920, seeking an injunction restraining such threatened acts.   From March 10, 1920, to December 9, 1920, the date of the order of the public service commission authorizing a charge of eighty cents per 1,000, the defendant has collected the sum named in the franchise, forty cents per 1,000, and

now claims the right to collect the additional sum of forty-five cents per 1,000, asserting that the mere filing of the schedules of increased rates from forty cents to eighty-five cents on April 7, 1920, modifies its agreement to sell gas at the forty-cent rate specified in the franchise and makes its filed schedule rate of eighty-five cents a legal liability of its customers during such period. It is conceded by both parties that the eighty-cent rate established by the public service commission on December 9, 1920, is the legal rate from that date. The plaintiff claims that for all gas consumed prior to December 9, 1920, the franchise rate of forty cents applies. The defendant bases its asserted right to charge the additional forty-five cents during the period from March 10, 1920, to December 9, 1920, upon the provision of section 66, subdivision 12, of the Public Service Commissions Law. By the terms of such statute the defendant is authorized to increase its rate for gas upon filing with the public service commission a schedule showing such increase and a publication of such schedule as ordered by the commission. This statute was first enacted in 1910, more than one year after defendant's contract was made with the plaintiff. Defendant asserts that its contract made April 14, 1909, could legally be changed by it in 1919 under an act of the legislature passed in 1910, by simply filing some paper with the public service commission. No authority has been cited upholding such assertion. To say that the legislature in 1910 could legally authorize one party to a contract made in 1909 to double the financial obligation of the other party thereto seems perilously near impairing the obligation of contracts, which is stated by very reputable authority not to be within the power of the legislature. The fact that the legislature,

in the exercise of the police power of the state, may authorize the public service commission to decide what rates a natural gas company may charge, notwithstanding any franchise agreement as to such rates, does not warrant the assumption that one party to a franchise agreement may be authorized to repudiate its contract obligations and double the financial obligations of the other party merely by asserting an intention so to do.

In *Town of North Hempstead* v. *Public Service Corp.*, 231 N. Y. 447, the Court of Appeals held that section 66, subdivision 12, of the Public Service Commissions Law having been in force when the franchise in that case was granted, the rate stipulated in the franchise must be deemed to have been subject to increase as provided by that statute. Such case does not seem to be an authority upon the question presented by this record.

In *Public Service Comm.* v. *Iroquois Natural Gas Co.*, 184 App. Div. 285; 226 N. Y. 580, there was no franchise agreement fixing rates. In *People ex rel. Village of South Glens Falls* v. *Pub. Serv. Comm.*, 225 N. Y. 216, it was held that in the exercise of the police power the legislature could authorize the public service commission to regulate the price of gas, notwithstanding the rates specified in the franchise. In *Public Service Comm.* v. *Pavilion Natural Gas Co.*, 195 App. Div. 534, it was held that subdivision 12 of section 66 of the Public Service Commissions Law does not purport to give the gas company power to change its franchise contract by simply giving thirty days' notice to the commission and by publication for thirty days to the public. In *People ex rel. New York Steam Co.* v. *Straus*, 186 App. Div. 787, when the contracts fixing rates were made, an order of the public service commission

was in force providing that contract rates might be changed upon filing a new schedule. To each contract was attached a rider to the effect that the contract was subject to the change of rates which might be made in any new schedule subsequently filed. It was held that the public service commission was without power to compel the steam company to preserve the contract rates as to outstanding contracts.

The order of the public service commission of December 9, 1920, not being retroactive, did not authorize the defendant to charge more than forty cents per 1,000 for natural gas supplied the individual consumers in the village of Warsaw, nor to charge the village more than twenty cents per 1,000 for natural gas furnished the municipality for the period from March 10, 1920, to December 9, 1920. The provision of law (Pub. Serv. Comm. Law, § 66, subd. 12) not being in force in April, 1909 — the franchise contract fixing rates at twenty cents per 1,000 for the municipality and forty cents per 1,000 for the individual consumers in the village — it cannot be held that the franchise contract was made subject to that provision of law authorizing the defendant to change its rates by filing the schedule of rates claimed to have been effective March 10, 1920.

The conclusion is reached that the contract rates specified in the franchise were in force during the period from March 10, 1920, to December 9, 1920, and plaintiff is entitled to a permanent injunction restraining the collection of any charges for gas during that period in excess of the rates specified in the franchise, together with the costs of this action.

Ordered accordingly.