Town of North Hempstead, Respondent, *v.* Public Service Corporation of Long Island, Appellant.

**Gas and electricity — municipal corporations — when consent of municipality to maintenance and operation of gas mains within its limits was given after passage of Public Service Commissions Law, provisions of statute entered by implication into terms of consent — gas corporation empowered to abrogate rates stipulated in consent and put into operation new schedule — temporary injunction pending review by public service commission properly vacated.**

Where the Public Service Commissions Law was in force at the time a municipality gave its consent to a public service corporation to maintain and operate its gas mains within the town, the provisions of the statute entered by implication into the terms of such consent, formed part of its obligation and were notice to the town that the consent was coupled with the provision that the gas corporation was empowered to abrogate it as to the rates stipulated therein and was allowed by law to put into operation a new schedule of just and reasonable rates and charges to be made for service on thirty days' notice to the commission and publication for thirty days as required by order of the commission. (Cons. Laws, ch. 48, § 65, subd. 1.) A temporary injunction, therefore, restraining such gas corporation from increasing rates charged for gas furnished to private consumers over the sum fixed therefor in the town's consent, pending a hearing before the public service commission, is properly vacated.

*Town of North Hempstead* v. *Public Service Corp.*, 193 App. Div. 224, reversed.

(Argued May 31, 1921; decided July 14, 1921.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court, entered July 27, 1920, which reversed an order of Special Term denying a motion to continue a temporary injunction to restrain defendant from increasing rates charged for gas furnished to private consumers over the sum fixed therefor in the town's consent, pending a hearing before the public service commission and continued the injunction.

*Luke D. Stapleton* and *Avery F. Cushman* for appellant. The written consent containing the condition that appellant furnish gas for fifty years to the inhabitants of the respondent at a fixed rate, at the time of its making, by operation of law, had read into it the provisions of all statutes of the state then existing giving rights to the parties or limiting their rights. (*People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356.)   The rates specified in the consent were to endure for fifty years according to the written words, but the written words must be modified by the provisions of existing statutes. (*Armour Packing Co.* v. *United States,* 209 U. S. 56; *Louisville & Nashville R. R.* v. *Motley,* 219 U. S. 467; *Mun. Gas Co.* v. *P. S. Comm.,* 225 N. Y. 89.)   The filing of the new schedule of rates strictly in accord with the method set forth in the provisions of the statute by the appellant in order to earn its actual expenses of operation so that it might live was not the exercise of a delegated power from the legislature to the appellant to modify its contract with the respondent. (*P. S. Comm.* v. *I. N. Gas Co.,* 184 App. Div. 285; *People ex rel. City of New York* v. *Nixon,* 229 N. Y. 356; *Mun. Gas Co.* v. *P. S. Comm.,* 225 N. Y. 89; *P. S. Comm.* v. *P. N. Gas Co.,* 111 Misc. Rep. 692.)

*James L. Dowsey* for respondent.   The franchise agreement is a binding contract between plaintiff and defendant and neither party has power to abrogate its own obligations thereunder.   Such a contract may only be modified by mutual consent or by the public service commission by the due process provided by law. (*Pond* v. *New Rochelle Water Co.,* 183 N. Y. 330; *Farnsworth* v. *Boro. Oil & Gas Co.,* 216 N. Y. 40; *Matter of International Ry. Co.* v. *Rann,* 224 N. Y. 83; *P. S. Comm.* v. *I. N. Gas Co.,* 184 App. Div. 285; *People ex rel. Mun. Gas Co.* v. *P. S. Comm.,* 224 N. Y. 156; *Municipal Gas Co.* v. *P. S. Comm.,* 225 N. Y. 89; *People ex rel. Vil. of South Glens Falls* v. *P. S. Comm.,* 225 N. Y. 216; *Vil. of Saratoga Springs* v. *Saratoga Gas Co.,* 191 N. Y. 123.)

Pound, J. The first question certified is more broadly stated than is necessary for the determination of this appeal which presents only the case of a consent given after the enactment of the statute referred to in the question. It reads as follows:

" Has a public service gas corporation, whose consent from the municipal authorities of a town contains as a regulation a statement prescribing a maximum rate to be charged to private consumers, the right to charge an increased rate by filing a schedule as prescribed by statute specifying the increased rate pursuant to section 66, subdivision 12, of the Public Service Commissions Law, in advance of an order of the Public Service Commission determining and prescribing that the increased rate is just and reasonable? "

The second question, " Was plaintiff's motion properly granted as a matter of law? " presents the actual controversy on this appeal, and is the only one that can be reviewed. (*Schenck* v. *Barnes,* 156 N. Y. 316.)

The provisions of Public Service Commissions Law ([Cons. Laws, ch. 48] § 66, subd. 12) in question read as follows:

" * * * Unless the Commission otherwise orders, no change shall be made in any rate or charge, or in any form of contract or agreement or any rule or regulation relating to any rate, charge or service, or in any general privilege or facility, which shall have been filed and published by a gas corporation, an electrical corporation or municipality in compliance with an order of the Commission, except after thirty days' notice to the Commission and publication for thirty days as required by order of the Commission, which shall plainly state the changes proposed to be made in the schedules then in force and the time when the change will go into effect. The Commission for good cause shown may allow changes without requiring the thirty days' notice under such conditions as it may prescribe. No corporation or municipality

29

shall charge, demand, collect or receive a greater or less or different compensation for any service rendered or to be rendered than the rates and charges applicable to such services as specified in its schedule filed and in effect at the time.    *    *    *"

These provisions were in force when the plaintiff gave its consent to the defendant to maintain and operate its gas mains within the town; entered by implication into the terms of such consent; formed part of its obligation; and were notice to the town that the consent was coupled with the provision of the statute that the defendant was empowered to abrogate it as to the rates stipulated therein and was allowed by law to put into operation a new schedule of just and reasonable rates and· charges to be made for service (Public Service Commissions Law, § 65, subd. 1) on thirty days' notice to the commission and publication for thirty days as required by order of the commission. (*Village of South Glens Falls* v. *Public Service Commission*, 225 N. Y. 216; *People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356, 361; *Public Service Commission* v. *Iroquois Natural Gas Co.*, 184 App. Div. 285; affirmed, without opinion, 226 N. Y. 580; *People ex rel. New York Steam Co.* v. *Straus*, 186 App. Div. 787, 805; affirmed, without opinion, 226 N. Y. 704.)

After rates are established by the filing of schedules, a review thereof may be had on complaint under Public Service Commissions Law (§§ 71, 72) and the commission will then determine and fix such prices as will in its judgment be adequate, just and reasonable.

This method of increasing rates without first obtaining an adjudication as to their reasonableness may appear defective and illogical, but no constitutional limitation on legislative power interdicts it and no exception in favor of rates stipulated in a municipal consent granted subsequent to the enactment of the Public Service Commissions Law can be read into it without doing violence to the plain language of the statute. The legislative

power of rate regulation must, therefore, be upheld so far as it affects franchises of which such statute forms a part. The question of the power of gas companies to increase rates without a prior determination of the Commission as to the fairness thereof when the franchise fixing such rates in connection with the consent of the municipal authorities (Trans. Corp. Law [Cons. Laws, ch. 63], § 61, subd. 1) antedates the statute is not before us. We have already held that the gas company is not remediless in such a case. (*Village of South Glens Falls* v. *Public Service Commission, supra.*)

The order appealed from should be reversed, with costs in this court and in the Appellate Division, and the order of the Special Term vacating the temporary injunction should be affirmed. The second question should be answered in the negative and the first question should not be answered.

HISCOCK, Ch. J., HOGAN, CARDOZO, CRANE and ANDREWS, JJ., concur; CHASE, J., deceased.

Ordered accordingly.