PUBLIC SERVICE COMMISSION, Respondent, *v.* PAVILION NATURAL GAS COMPANY, Appellant.

Gas and electricity—under Public Service Commissions Law, as amended, a gas company has legal right to increase its rates and make same effective thirty days after filing new schedule with public service commission — rule applies equally to franchises and agreements made prior to or after enactment of statute — fact that proceeding for increase of rate is pending does not affect right.

1. Under the statute as it now stands (Pub. Serv. Comm. Law, § 66, subd. 12) a gas company has the legal right to increase its rates and make the increase effective thirty days after filing with the commission its schedule of new rates. If complaint be filed with the commission against the proposed increase, or if the commission itself sees fit to act without a complaint, then a hearing may be had before the public service commission as to the propriety of the proposed increase. At the conclusion of such proceeding the commission is clothed with power, if the new rate be found excessive, to annul or modify it according as the facts developed justify.

2. The language of the statute is broad and comprehensive enough to cover all agreements or franchises, whether made or granted before or after its amendment, and the fact that a proceeding is pending, on application of the company for permission to increase its rates, does not in any way limit the application of the statute or prohibit a new rate being fixed by the company itself.

*Public Service Commission* v. *Pavilion Natural Gas Co.*, 195 App. Div. 534, reversed.

(Argued October 4, 1921; decided Novmeber 22, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 7, 1921, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial in a summary proceeding instituted by the public service commission under section 74 of the Public Service Commissions Law.

*James M. E. O'Grady* for appellant. The trial court correctly decided this action by dismissing the complaint and the proceeding on the merits. (Public Service Commissions Law, § 66, subd. 12; *Town of North Hempstead* v. *P. S. Corp.,* 231 N. Y. 447; *Public Service Comm.* v. *Iroquois Natural Gas Co.,* 184 App. Div. 285; 226 N. Y. 580; *Village of South Glens Falls* v. *Pub. Serv. Comm.,* 225 N. Y. 216; *People ex rel. New York Steam Company* v. *Straus,* 186 App. Div. 787; 226 N. Y. 704; *Union Dry Goods Co.* v. *P. S. Corp.,* 248 U. S. 372; *V. & S. Bottle Co.* v. *Mountain Gas Co.,* 261 Penn. St. 523.)

*Ledyard P. Hale* and *Harry B. Mintz* for respondent. Four of the seven franchises before the Special Term were granted and accepted prior to 1910 upon express undertakings that defendant should not charge more than forty or forty-five cents per 1,000 cubic feet for natural gas. As to these franchises at least the Appellate Division was right and the Special Term was wrong. (*People ex rel. Municipal Gas Co.* v. *P. S. Comm.,* 224 N. Y. 156; *Town of North Hempstead* v. *P. S. Corp.,* 231 N. Y. 447; *C. R. & Power Co.* v. *Columbus,* 249 U. S. 399.) The Special Term was wrong and the Appellate Division right as to the three franchises granted and accepted after 1910, because defendant elected an inconsistent remedy, to wit, to proceed under sections 71 and 72 of the Public Service Act. Having elected to petition it was estopped to attempt to forestall the commission's action by the *ex parte* act of filing a tariff. (Cons. Laws, ch. 48, §§ 66, 71, 72.)

*Arthur E. Sutherland, William F. Huyck* and *Clarence H. Greff* for Villages of Perry, Warsaw and Le Roy, *amici curiæ.* The process outlined by subdivision 12 of section 66 of the Public Service Commissions Law does not apply to the villages of Le Roy, Warsaw or Perry, whose franchises were granted fixing maximum rates prior to

the enactment of subdivision 12 of section 66.   (*People ex rel. City of New York* v. *Nixon*, 229 N. Y. 356.)   The legislature has not delegated its own rate-making power. to the gas company, but to the public service commission. (*B. E. S. R. R. Co.* v. *R. W. R. R. Co.*, 111 N. Y. 132; *Matter of Quinby* v. *Pub. Serv. Comm.*, 223 N. Y. 244, 260;   *Union Tri Gas Co.* v. *Georgia P. S. Corp.*, 248 U. S. 372.)

MCLAUGHLIN, J.   The defendant is a gas corporation supplying natural gas to certain towns and villages in the counties of Wyoming, Genesee and Livingston, under franchises or agreements fixing the maximum rate to be charged, in some cases at forty and in others at forty-five cents per thousand cubic feet.

On August 12, 1919, the gas company filed a petition with the public service commission, for leave to raise the rates to seventy-five cents.   Hearings were had upon the application from time to time until February 7, 1920, when the gas company filed with the commission a schedule of rates increasing the rates then existing to eighty-five cents per thousand cubic feet, with a discount of ten per cent for prompt payment, same to take effect March 10, 1920.   The commission, on the 15th of April following, instituted this proceeding, by a petition which, after setting forth the various franchises and agreements and their acceptance by the gas company, alleged that from and after March 10, 1920, defendant had charged and collected eighty-five cents per thousand cubic feet, contrary to the limitations of said franchises and agreements, and without permission from the commission to do so.   The defendant's answer did not controvert the material allegations of the petition, but alleged as a defense that by its own act of filing, on the 7th of February, 1920, a schedule of rates with the commission, it had, under subdivision 12 of section 66 of the Public Service Commissions Law (Cons. Laws, chap. 48) legally increased

the rate to eighty-five cents from and after March 10, 1920.

At the conclusion of the hearing before the Special Term the material facts involved were not disputed. There were simply two questions of law to be determined. One was whether the gas company could increase the maximum rates fixed in the franchises and agreements by simply filing a schedule of rates with the commission, the same to take effect thirty days thereafter, and second, whether it could do so notwithstanding the pendency of the proceeding instituted by it.

The court at Special Term held that the gas company had acted strictly within its legal rights and dismissed the proceeding. On appeal to the Appellate Division, that court, one of the justices dissenting, reversed the judgment and granted a new trial. The gas company appeals to this court, giving the usual stipulation for judgment absolute in case the judgment appealed from be affirmed.

Subdivision 12 of section 66 of the Public Service Commissions Law, which in its present form went into effect June 14, 1910 (Laws of 1910, chap. 480), after giving the commission power to require gas corporations to file schedules of rates, provides as follows: "  *   *   *   Unless the commission otherwise orders, no change shall be made in any rate or charge, or in any form of contract or agreement or any rule or regulation relating to any rate, charge or service, or in any general privilege or facility, which shall have been filed and published by a gas corporation,   *   *   *   except after thirty days' notice to the commission and publication for thirty days as required by order of the commission, which shall plainly state the changes proposed to be made in the schedules then in force and the time when the change will go into effect. The commission for good cause shown may allow changes without requiring the thirty days' notice under such conditions as it may prescribe.

150 Pub. Serv. Comm. *v.* Pavilion Nat. Gas Co.

[232 N. Y. 146]    Opinion, per McLaughlin, J.    [Nov.,

No corporation or municipality shall charge, demand, collect or receive a greater or less or different compensation for any service rendered or to be rendered than the rates and charges applicable to such services as specified in its schedule filed and in effect at the time.   *   *   *."

This provision of the statute was in force when certain of the towns and villages gave their consent to the defendant to maintain and operate its gas mains within the municipalities.   This court has held, as to similar consents (*Town of North Hempstead* v. *Public Service Corp. of L. I.*, 231 N. Y. 447) that by implication the statute became a part of the terms of the consent, and that a gas company on complying with the statute was empowered to abrogate the rates stipulated in the franchises or agreements, and to put into operation a new schedule of just and reasonable rates and charges.   The right, therefore, of the gas company to file a schedule increasing the rates as to all franchises and agreements given or entered into subsequent to the time when subdivision 12 became effective has been settled and determined by this court.   The right, however, to increase rates specified in franchises and agreements made prior to that time was not passed upon in the *North Hempstead* case.   That question is now presented, since some of the franchises or agreements here under consideration were made or entered into prior to the time the statute, in its present form, took effect.   It is argued that as to them there is no power on the part of a gas company to increase its rates.   But I am of the opinion that the same rule applied to them.   There was implied in all of such franchises or agreements, and coupled with the terms thereof, a provision that the legislature, in the exercise of its powers, might thereafter, either itself, or acting through another, regulate the rates thus fixed, and increase or lower them.   There is nothing in the statute to indicate that the right of a gas company, of its own motion, to file a schedule of rates is to apply

only to franchises or agreements as to rates thereafter entered into. The reason which induced this court to hold that a gas company might increase its rates as to agreements or franchises granted after the amendment of 1910 applies equally to those theretofore granted. So that under the statute as it now stands, a gas company has the legal right to increase its rates and make the increase effective thirty days after filing with the commission its schedule of new rates. If complaint be filed with the commission against the proposed increase, or if the commission itself sees fit to act without a complaint, then a hearing may be had before the public service commission as to the propriety of the proposed increase. At the conclusion of such proceeding the commission is clothed with power, if the new rate be found excessive, to annul or modify it according as the facts developed justify. (*People ex rel. Village of South Glens Falls* v. *Public Service Comm.*, 225 N. Y. 216.) This method of increasing rates without first obtaining an adjudication as to their reasonableness may appear, as pointed out in *Town of North Hempstead* v. *Public Service Corp. of L. I.* (*supra*, 450), "defective and illogical, but no constitutional limitation on legislative power interdicts it."

Nor did the proceeding instituted by the gas company in 1919, and which was pending at the time the schedule increasing the rates was filed, prevent the gas company from filing such schedule. (*Public Service Commission* v. *Iroquois Natural Gas Co.*, 184 App. Div. 285; affd., without opinion, 226 N. Y. 580.) In the *Iroquois* case a schedule of rates was filed, as here, pending a hearing before the public service commission, to increase rates and this court, in affirming the judgment of the Appellate Division, held that such course was proper. Counsel for the commission, however, seeks to distinguish that case from the present one on the ground that the decision there did not involve an increase over the franchise rates,

but simply involved the violation of an order of the commission and a stipulation entered into between the gas company and the city of Buffalo. That fact, however, does not in any way destroy or weaken the force of the decision, which is to the effect that under the statute a gas company has the right to increase its rates in the manner pointed out by the statute, while a proceeding is pending before the commission, for the purpose of fixing rates.

When the decision in the *Iroquois* case is read in connection with the decision in *People ex rel. South Glens Falls* v. *Public Service Commission (supra)* it will be seen that the commission had jurisdiction to fix a rate, notwithstanding the one fixed in the franchises or agreements and that the statute sanctions an increase pending the decision of the commission. The language of subdivision 12 of section 66 is broad and comprehensive enough to cover all agreements or franchises, whether ·made or granted before or after ·the amendment and the fact that a proceeding is pending ·does not in any way limit the application of the statute or prohibit a new rate being fixed by the company itself.

It follows that the order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CARDOZO, CRANE and ANDREWS, JJ., concur; HOGAN and POUND, JJ., not voting.

Order reversed, etc.