NIAGARA, LOCKPORT AND ONTARIO POWER COMPANY, Plaintiff,
*v.* SENECA IRON AND STEEL COMPANY, Defendant.

Supreme Court, Erie County, December 7, 1926.

Gas and electricity — action by electric power corporation to recover difference between total charges for electric current on basis of new rates, approved by Public Service Commission, and rates set up in prior contract between consumer and company — Public Service Commission had power to increase rates notwithstanding said contract — exercise of power does not violate Federal or State Constitution — public service corporation is not required to furnish electric energy at less rate than that provided by effective schedule — provision in contract as to arbitration of disputes has no application — affirmative defenses as to power of Public Service Commission to increase rates and effect of unexpired contract stricken out under Rules of Civil Practice, rule 109.

The State, through its proper agencies, which in this instance is the Public Service Commission, has the power to increase or lower rates to be charged by a public service corporation, notwithstanding the existence of a contract which provides for a lesser or higher rate, and the exercise of that power does not violate the Federal or State Constitution.

Accordingly, in an action by an electric power corporation to recover the difference between the total charges for current furnished the defendant on the basis of new rates and those provided for by a contract executed between plaintiff and defendant, prior to the approval by the Public Service Commission of a new schedule of rates, affirmative defenses based on the prior contract and the validity of the order of the Public Service Commission establishing the new rates must be stricken out on motion under rule 109 of the Rules of Civil Practice, since the new rate schedule has superseded the rates recited in the contract which is no longer in force. It is well settled that an unexpired contract between a public service corporation and a consumer does not authorize

**336** Niagara, Lockport & O. Power Co. *v.* Seneca I. & S. Co.

Supreme Court, December, 1926. [Vol. 128

the corporation to charge a less rate for service rendered than that provided for in the effective schedules of the company.

An affirmative defense reciting that the contract required the arbitration of any question in dispute between the parties must be stricken out, for said contract has no application under the circumstances.

Action by electric company to recover the difference between total charges for current, on the basis of new rates, and those provided for by prior contract between the parties.

*Warren Tubbs* [*Carlos C. Alden* of counsel], for the plaintiff.

*Bartholomew & Bartholomew* [*Clark H. Hammond* of counsel], for the defendant.

Edward R. O'Malley, J. Plaintiff is a domestic corporation, subject to the provisions of the Public Service Commission Law, and is engaged in selling electrical energy, among other places, in the village of Blasdell, Erie county. Defendant owns a sheet steel mill in said village, and has, since 1906, used electrical energy supplied by the plaintiff in the operation of its mill.

On April 20, 1925, upon the application of plaintiff, the Public Service Commission approved a schedule of rates and charges applicable to the service of electrical energy in the district including the village of Blasdell. The defendant refused to pay on the basis of the new rates as provided in this schedule, upon the ground that it has a contract with the plaintiff, dated November, 1906, and expiring in March, 1937, by the terms of which plaintiff is bound to furnish electrical energy at less rates than those provided for in the schedule of rates of 1925; and defendant alleges that plaintiff has been and is supplying such energy and the defendant has paid for the same, under the terms of the said contract.

Plaintiff brings this action to recover the sum of $10,732.97 for electrical energy delivered to defendant from September, 1925, to July, 1926, which sum represents the difference between the total charges, on the basis of the new rates, and those provided for by the contract.

Defendant, by its answer, denies that said schedule of rates was duly filed and approved by the Public Service Commission, as alleged in the complaint, and sets up further affirmative defenses, as follows: (a) That by said contract plaintiff and defendant agreed, in case of disagreement as to any questions arising under said contract, the same would be submitted to arbitration, and the plaintiff has refused to submit such questions to arbitration, as provided in the contract; (b) that defendant received no notice from the plaintiff of the proceedings had before the Public Service Commission for filing a schedule of rates, etc.; (c) that said pro-

ceedings were had without notice to the Public Service Commission of the outstanding contract between plaintiff and the defendant; (d) that the order of the Public Service Commission, and the statutes authorizing said order, contravene the provisions of the Federal Constitution; (e) that the action of the Public Service Commission is null and void, and (f) that the rate sought to be charged is discriminatory and unjust.

Plaintiff moves, under rule 109 of the Rules of Civil Practice, for an order striking out these affirmative defenses, on the ground that each is insufficient in law.

There is no longer any doubt about the power of the State, through its proper agencies, to increase or lower the rates to be charged by a public service corporation, notwithstanding the existence of a contract providing for a less or a higher rate, and that the exercise of this power does not violate the Federal or State Constitution. (*Town of North Hempstead* v. *Pub. Serv. Corp.*, 231 N. Y. 447; *Pub. Serv. Comm.* v. *Pavilion Nat. Gas Co.*, 232 id. 146; *People ex rel. Village of South Glens Falls* v. *Pub. Serv. Comm.*, 225 id. 216.)

In the first case cited above it was held that by implication the statute (Pub. Serv. Comm. Law, § 66, subd. 12, as amd. by Laws of 1921, chap. 134) became a part of the terms of the consent, and that a gas company, on complying with the statute, was empowered to abrogate the rates stipulated in the franchises or agreements, and to put into operation a new schedule of just and reasonable rates and charges. In that case the agreements and franchises were entered into and given subsequent to the time when subdivision 12 became effective, but the Court of Appeals has since held in *Pub. Serv. Comm.* v. *Pavilion Nat. Gas Co.* (*supra*) that the same rule applies to franchises and agreements made or entered into prior to the time the statute in its present form took effect (p. 150).

The law is well settled that an unexpired contract does not authorize the public service company to charge a less rate for services rendered than that provided by effective schedules. (*People ex rel. New York Steam Co.* v. *Straus*, 186 App. Div. 787; affd., 226 N. Y. 704.)

Under these authorities the only conclusion that can be reached is that the contract between the plaintiff and the defendant as to the rates and charges is no longer in force, and I am of the opinion that the provision contained therein for submitting questions or disputes arising under said contract to arbitration has no application.

Upon the question of the defendant's right to notice of the

proceedings for filing the schedule, the only notice provided for by the statute is one of thirty days to the Commission, and the publication for thirty days thereof, as required by order of the Commission, "which shall plainly state the changes proposed to be made in the schedules then in force and the time when the change will go into effect." Whether such notices were given and published as required by the statute is one of the issues to be tried on the question of whether the schedule of rates was duly filed and approved by the Commission.

For the reasons stated, plaintiff's motion is hereby granted, and an order may be prepared and entered accordingly.