John J. Callahan, J.
This matter having come on for trial before me at a regular term of the Supreme Court, Niagara County, and counsel for the parties hereto having submitted agreed facts to this court and upon the pleadings, briefs and having heard Niemel & Niemel (Casimer J. Niemel of counsel) on behalf of the plaintiff and Phillips, Lytle, Hitchcock, Blaine & Huber (Paul B. Zuydhoek of counsel) it is the findings and decision of this court as follows:
On November 12, 1884, the Village of North Tonawanda New York granted a franchise to the Tonawanda Gas Light Company for the furnishing of gas and gas services to its residents. Subsequently this franchise grant was expanded in 1895 to include an area that is now the City of North Tonawanda. In 1888 a franchise was granted to Standard Gas Company of Tonawanda for similar services by the village. The City of North Tonawanda succeeded in 1897 to the liabilities of the Village of North Tonawanda and Iroquois Gas Corporation became a successor to the original franchises. Charter provision title XXIX as enacted in 1907 by City Council of North Tonawanda governs the terms and conditions of franchise grants. Neither defendant nor its predecessors has ever applied for or been granted a franchise under that provision.
The issue of the instant case is whether the relationship which the defendant and its predecessors entered into voluntarily pursuant to the franchise of 1884 governs defendant’s relationship with plaintiff, or whether the city charter provision title XXIX as enacted in 1907 governs the terms and conditions of their relationship. That provision governs the granting of franchises, requires a 25-year limit to franchises and a payment by the utility of 2 kz% of its gross income annually.
The plaintiff in his amended complaint alleges that the franchise of 1884 has no legal validity today. Five arguments are asserted in plaintiff’s demand for relief concerning the earlier franchise grants which the defendant claims control and govern the legal relationship between the parties.
We shall now consider each one separately, reviewing the proof submitted by stipulation and all the pleadings.
*939 Addressing ourselves to plaintiffs demands for relief requesting a declaration of:
1. Lack of definiteness as to beginning and terminating date of the franchise of 1884:
Plaintiff has not alleged any material fact under a theory of law which sets forth a legal basis for this demand in his amended complaint. No facts are alleged which by operation of law annul, cancel or terminate the franchise grant of 1884 because of lack of definiteness as to beginning and terminating dates.
Plaintiff and defendant admit in paragraph "2” of the stipulation that defendant’s predecessors accepted the franchise and expended funds in reliance upon the grant. Paragraph "8” of the stipulation admits this grant was amended and extended in geographic area in 1897. The parties were obviously free to bargain regarding a termination date but none was added to the franchise at that time. Further, in paragraph "17” of the stipulation, plaintiff and defendant agree that defendant and its predecessors have spent over $2,850,000 in the Village and City of North Tonawanda to purchase, install and service equipment for facilities to supply gas and provide service in that locality.
It is evident that factually the defendant and its predecessors never had any notice of or expectation that the franchise of 1884, by implication or by law, was vague and uncertain — they have acted and continued to act exercising their franchise rights.
In People v O’Brien (111 NY 1), the Court of Appeals held that the laying of street railway tracks by a railway corporation, pursuant to grant of a municipal franchise, resulted in the taking of an estate in perpetuity.
The court was careful to point out that in the absence of any conditions as to length of the duration of the rights granted, the conclusion is inescapable that the rights granted should be exercised in perpetuity and by successors to the original franchise (supra, pp 39, 40; see, also, New York Cent. & Hudson Riv. R.R. Co. v City of New York, 202 NY 212).
This rule is fully applicable to gas franchises (Ghee v Northern Union Gas Co., 158 NY 510).
The court notes that a franchise is bilateral in nature and that acceptance is necessary to prove that the grantee has undertaken the obligations of the grant. (See Greenburg v *940 City of New York, 152 Misc 488.) Surely the admissions of paragraph "2” of the stipulation resolve any question as to acceptance in this case.
In view of the rule as enunciated in People v O’Brien (supra), it is the decision of the court that demand of plaintiff to void the franchise of 1884 for lack of commencement and a termination date must be denied.
2. If the same (franchise) was ever effective, it was effective for a reasonable time, and that has expired.
The plaintiff has failed to allege the existence of any facts in the actual franchise grant of 1884 or legal principles upon which this request for relief can be granted. No express time limit as to duration was set in the original franchise grant of 1884 and none can be found by implication therein.
People v O’Brien (supra) stands for the proposition that in the granting of a franchise, if it is silent as to duration, its existence is perpetual. Further confirmation of the perpetual nature of a franchise was made in the case of Greenburg v City of New York (supra). There the court noted that once a utility spent money and time to carry out a franchise and the directions contained therein, a city would be estopped to revoke the franchise.
The plaintiff’s request on this issue is denied.
3. The expressed conditions upon which the purported franchise was given are no longer maintained by the defendant.
The plaintiff in his amended complaint fails to allege a single factual violation of any express or implied condition of the grant of 1884. On the contrary, his own amended complaint alleges in paragraph "4” that defendant maintains pipes and apparatus for delivery of defendant’s product to customers in the City of North Tonawanda.
Reviewing the stipulation, we find that the plaintiff and defendant, in paragraphs "1”, "2”, "3”, "8”, "12”, "16” and "17” have agreed that since the inception of the franchise of 1884, there has been an unbroken chain of performance and proper legal succession to the original franchise.
Plaintiff has stipulated at paragraph "16” that defendant has not charged more than $2 per 1,000 feet of gas, a rate set forth in the original franchise grant. The plaintiff has suggested that because the Public Service Commission controls rates for utilities in this State that the franchise grant of 1884 has somehow been stripped of any legal vitality. This regula *941 tion of rates does not invalidate the underlying franchise grant. (See Public Serv. Comm. v Pavillion Nat. Gas Co., 232 NY 146; Matter of City of Rochester v Public Serv. Comm., 275 App Div 172, affd 301 NY 801; People ex rel. Vill. of South Glens Falls v Public Serv. Comm., 225 NY 216.)
The admissions of plaintiff herein compel the court to deny this request for relief.
4. Charter provides a 25-year limit to any franchise.
Charter provision title XXIX is set forth in paragraph "7” of plaintiff’s amended complaint! In paragraph "9” of the amended complaint, plaintiff alleges that since 1907 no predecessor or defendant presented a petition to obtain a franchise.
The charter provision subdivision is clearly prospective in nature. There is nothing in the wording of the charter amendment that implies a retrospective application. In fact, elementary rules of statutory construction warrant the inescapable conclusion that it was only intended to apply prospectively.
No reference in the charter provision is made to any franchises previously granted by the City of North Tonawanda from the time between its incorporation as a city and the charter amendment of 1907, not to mention any reference to franchises granted theretofore by the Village of North Tonawanda, for which the city is now liable.
The provision of the charter providing for the 25-year limitation and the 2 V¿% of gross receipts requirements uses the language: "[n]o such grant, consent or franchise shall be granted or made” (emphasis added). The use of the words "shall be” indicates a legislative intent for prospective application only. In Weiler v Dry Dock Sav. Inst. 258 App Div 581, 582-583), the court said: "The language of the statute does not indicate a legislative attempt to have the act include agreements executed before the statute took effect. The words used relating to agreements exempting lessors from liability for negligence declare that 'Every covenant * * * shall be deemed to be void as against public policy and wholly unenforcible’. (Italics ours). A statute using words importing futurity, such as "shall be”, is regarded as prospective only. (Dalziel v Rosenfeld, 265 NY 76, 79; Book 1 McKinney’s Consolidated Laws of New York, § 18.) The general rule is that statutes are to be construed as prospective only and that it takes clear expression of the legislative purpose to justify a retroactive application”. The Court of Appeals made a similar observation in Dalziel v Rosenfeld (265 NY 76, 79): "If we look to the *942 literal language of the amendment, we find reference only to 'rights or interests which may be acquired’ — words importing futurity as unmistakeably as 'shall be’ (Sanford v Bennett, 24 NY 20) or as 'shall hereafter.’ (Matter of D. & H. Canal Co., 129 NY 105, 113).”
Statutes are never applied retroactively unless there is a clear intention so to do and by implication it is required by the statute. Additionally, retroactive legislation will not be accorded where antecedent rights are and would be affected adversely by such application. (See People ex rel. Beck v Graves, 280 NY 405, 409; Shielcrawt v Moffett, 294 NY 180, 189.)
Plaintiff does not allege that it has ever sought to enforce charter provision title XXIX prior to 1957, and defendant’s answer and the stipulation of plaintiff and defendant paragraph ”21”, allege abandonment of an action instituted in January, 1964. The plaintiff by its own conduct admitted its own legal doubt as to the application of the charter provision XXIX to the relationship of plaintiff and defendant.
This request is denied.
5. The City of North Tonawanda’s boundaries have expanded greatly since any permission granted in 1884 by the village and therefore the purported franchise, if any, applies only to a small part of the present City of North Tonawanda.
No facts are alleged in the complaint or admitted in the stipulation which restrict or limit the geographic limits of the original franchise. Further, paragraph "8” of the stipulation notes that in 1895 the Village of North Tonawanda amended the franchise grant of 1884 to include what are now the limits of the City of North Tonawanda.
Plaintiff and defendant by paragraph ”9” of the stipulation admit that the City of North Tonawanda became liable for all liabilities of the Village of North Tonawanda into the City of North Tonawanda on April 24, 1897. Franchises are construed to be contracts. (People v O’Brien 111 NY 1, supra.)
The admission of paragraph "9” of the stipulation goes to the heart of plaintiff’s contention and negates his claim. The court is persuaded that the case of People ex rel. Woodhaven Gas Light Co. v Deehan (153 NY 528) is controlling in this context.
This request is denied.
6. For a money judgment against the defendant in favor of *943 the plaintiff for 2 Vz% of $9,917,520.66, or the sum of $247,938.02, being 2 Vz% of the gross receipts of the defendant from November, 1963 up to and including August, 1969, together with interest and court costs.
Plaintiff alleges the applicability of the 2 Vi% of gross income rate set forth in charter provision title XXIX to defendant’s sale of gas and services in the City of North Tonawanda. This allegation stands or falls on the applicability of the charter provision to succeed to the franchises granted in 1884. It is already the decision of the court that charter provision title XXIX is not retrospectively to be applied to the relationship between the parties.
The contention that the City of North Tonawanda is entitled to 2 Vz% must also fail. To conclude otherwise is to negate the ruling of this court as to the perpetual nature of the franchise grant of 1884.
The defendant’s position that it cannot be compelled to pay according to a contract it never entered into is well taken. Paragraphs "12” and "13” of stipulation admit that plaintiff never asserted for more than 50 years the applicability of charter provision title XXIX to the relationship between plaintiff and defendant and further defendant admits it never presented to city petition for franchise, nor has defendant paid at any time 2 Vz% of its gross pursuant to charter provision title XXIX. The evidence is persuasive beyond any doubt that plaintiff and defendant never agreed that each was bound unto the other by virtue of charter provision title XXIX when it was enacted in 1907. And no law is cited by plaintiff which creates by implication a contract between plaintiff and defendant in this situation.
Paragraph "9” of the stipulation is also relevant on this issue. Plaintiff and defendant therein agree that the plaintiff became liable for all contract obligations and liabilities of the Village of North Tonawanda when the City of North Tonawanda was formed in 1897. That a franchise is the same as a contract is already the decision of this court.
The case of Colonial Motor Coach Corp. v City of Oswego (126 Misc 829, affd 217 App Div 816) is dispositive of the issue raised herein. In that case, the lower court said (pp 830, 831):
"Over a century ago in the infancy of American jurisprudence John Marshall, the great chief justice of the Supreme Court of the United States, in several far-reaching opinions laid down the doctrine which has ever since been followed, *944 and will, I have no doubt, be followed for all time, that when a statute became a contract, and absolute rights became fixed thereunder, such rights could not be divested by any subsequent statute, and that a grant absolute in its terms by its very nature amounts to an extinguishment of the right of the grantor * * *
"This same principle has been followed and emphasized by numerous later cases, where it has repeatedly been held that a franchise or consent granted to a corporation, when accepted or acted upon, became property of which the grantee could not be deprived without due process of law, and without compensation * * *
"If a State cannot recall the past by subsequent legislation, certainly a city cannot do so by ordinance. Franchises are given and received upon the understanding that the grantee is protected by a contractual right from the very moment the grant is accepted, so long as its terms are complied with.”
Following necessarily from the accepted doctrine that a franchise constitutes a contractual right is the inescapable conclusion that those contract rights are constitutionally protected from subsequent impairment by municipal authority.
Further, the contract obligation between the parties would of necessity become impaired when an ordinance alters its terms by imposing new duties and conditions (see Carder Realty Corp. v State of New York, 260 App Div 459, affd 285 NY 803, mot to amd remittitur den 268 NY 604).
It is the decision of this court that charter provision title XXIX does not govern the relationship between the plaintiff and defendant. The request for relief is denied.
The court will now address the merits of the defenses as raised by the defendant.
1. The complaint does not set forth a cause of action upon which relief can be granted.
2. The defendant is legally operating under a franchise granted it by the Village of North Tonawanda in 1888. Interestingly enough:
(a) Plaintiff does not challenge the validity of the franchise of 1888 — he admits the existence of this grant and the compliance with the conditions of the franchise — paragraphs "4”, "5” and "6” of the stipulation.
(b) Plaintiff admits that defendant is the legal successor to *945 the franchise of 1888 which franchise was limited to the Village of North Tonawanda only — paragraphs "7” of the stipulation.
Plaintiff and defendant admit in paragraph "8” of the stipulation that in 1895 the Village of North Tonawanda amended the Tonawanda Gas Light Company franchise to include areas that are now geographic limits of the City of North Tonawanda.
The plaintiff has failed to allege or prove the invalidity of the 1888 franchise grant. Further, the plaintiff has not alleged or proven that the 1884 grant was exclusive or that the 1888 grant was limited to any geographic area. The admission of plaintiff that the 1888 franchise is still legally viable in effect negates plaintiff’s claim as alleged in paragraphs "1”, "2”, "3” and "5” and "6” of his amended complaint.
3. The defendant has asserted that the Statute of Limitations (CPLR 213, subds 1, 2) bars the plaintiff’s claim. Since it is the ruling of the court that charter provision title XXIX does not control the legal relationship between the parties, the court necessarily finds that there could not be a breach thereof, for which plaintiff could initiate a claim. Therefore, the defense of Statute of Limitations has no application herein.
4. That charter provision title XXIX is unconstitutional to the extent it would affect the contract terms and conditions of an earlier franchise grant and. would result in taking of defendant’s property without just compensation. Since it is the ruling of the court that charter provision title XXIX has no relevancy or applicability to the relationship of the parties, the court determines that the question of constitutionality asserted by the defendant is not relevant to its decision in this case.
5. That plaintiff is estopped to obtain the relief demanded in the complaint. The court finds that doctrine of estoppel has no relevancy to its decision. The plaintiff is entitled to have determined by a court of law its rights in the context of this fact situation.
The court hereby dismisses the counterclaim of the defendant. This counterclaim’s validity was predicated solely on the defendant’s rights being adversely affected by this decision. This is not the case.
Therefore, for reasons already stated, this court finds that *946 the franchise grant of 1888 is in full force and effect between plaintiff and defendant.
The complaint is dismissed.