■ DANIEL R. CUGLAR et al., Appellants, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. VIOLET W. WAREING et al., Appellants, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. EVERETT W. WHALEN et al., Appellants, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. ABRAHAM BECKER, Appellant, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. VIOLET I.

STEWART, Appellant, v. POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents.— Appeals from orders of the Supreme Court, St. Lawrence County dismissing the complaints and from the judgments entered thereon. These actions were brought to enjoin the Power Authority from taking certain property of the plaintiffs. The facts are fully set forth in a comprehensive opinion by the Special Term (4 Misc 2d 879). The appellants contend that the taking of the property is not essential for public use, because of the announced intention of the Power Authority to redevelop the property as the sites for residences and for parks and other community uses. It appears from the brochures, published by the Power Authority, which are referred to in the complaint and made a part thereof, that the plans for the use of the property are in a formative stage and that no final determination has been reached. Furthermore, it appears that, even if the property is leased to others, it will remain in the ownership of the Authority and under its control. Some of the property, the taking of which is sought to be enjoined, will form an island within the power pool when the surrounding lands are flooded pursuant to the plans for the power project. From one of the brochures, it appears that the Power Authority's engineers deemed the taking of the plaintiffs' property essential for the protection of the power project. A question is raised upon this appeal as to whether this brochure is among those referred to in the complaint but it appears to us that it was one of the brochures so referred to. The order of the Special Term refers to the brochures as part of the papers upon which the motion was decided. The factual statements contained in these exhibits override any contrary conclusory allegations in the complaint (*Kobert* v. *National Mach. Co.*, 233 App. Div. 234, affd. 258 N. Y. 586; *Donato* v. *American Locomotive Co.*, 283 App. Div. 410, 417, affd. 306 N. Y. 966). In any event, even without reference to the brochure in question, it is clear that land forming an island within the power pool and land directly adjoining the pool must be owned and controlled by the Power Authority in order properly to protect the project. Orders and judgments appealed from affirmed, without costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur. [See *post*, p. 842.]