■ In the Matter of DOWLING COLLEGE, Petitioner, v ROBERT F. FLACKE, as Commissioner of Environmental Conservation of the State of New York, et al., Respondents.—Proceeding pursuant to section 207 of the Eminent Domain Procedure Law (EDPL) to review a determination and findings of the Commissioner of the Department of Environmental Conservation of the State of New York dated October 23, 1979, who determined, *inter alia,* that the department should acquire certain lands owned by petitioner for wetland preservation purposes. Determination confirmed and proceeding dismissed, without costs or disbursements. In this proceeding petitioner seeks review of a determination and findings of the Commissioner of the New York State Department of Environmental Conservation that a certain parcel of its land, known as Parcel 35.5, is amenable to acquisition under title 7 of article 51 of the Environmental Conservation Law. Prior to the determination, a legislative hearing was held before a hearing officer of the department. It is petitioner's contention that Parcel 35.5 does not constitute "wetlands" within the statutory meaning of subdivision 7 of section 51-0703 of the Environmental Conservation Law. This section defines "wetlands" as: "Land and lands under water which may be permanently, temporarily or intermittently covered with fresh or salt-water and commonly referred to as flood basins or flats, meadows, marshes, shrub swamps, wooded swamps, swamps or bogs." At the close of the hearing, the hearing

officer allowed the petitioner additional time to submit a written report of its expert, Robert W. Johnson, Ph. D., as to the nature and characteristics of the subject parcel. In describing the disputed area, Dr. Johnson stated that it "can be characterized as mixed oak woodland grading into a white oak swamp grading into wet meadowland." The report continues, noting that: "While no clear divisions or zonation occurs in this botanically complicated area, I believe that above the +5 foot contour line, as shown on the Wisenbacker and Schnepf map, the land is dominated by a mixture of oaks and other vegetation typical of uplands. At some elevation between the +4 foot and +5 foot elevation this plant domination changes to a white oak swamp wetlands. Swamp white oak trees become more numerous and spice bush and cinnamon fern become more prominent. At elevations lower than +4 feet there is no question of the land's swamp like nature. At elevations near or below 3 feet trees are stressed by too much water and the area becomes more marsh or wet meadowlike in appearance." Attached to the report was a topographic map of the subject parcel indicating the various elevations of the land and also pointing out its characteristic areas, such as "woodland", "wet lowland", "reeds", etc. On the basis of this report and other evidence, the commissioner concluded that the land fell within the statutory definition of wetlands set forth in the Environmental Conservation Law. In the exercise by a body or agency of its condemnation power, "the courts may interfere only on a clear showing of bad faith or conduct which is irrational, baseless or palpably unreasonable" *(Saso v State of New York,* 20 Misc 2d 826, 829; see, also, *Cuglar v Power Auth. of State of N. Y.,* 4 Misc 2d 879, 897, affd 4 AD2d 801, affd 3 NY2d 1006). On the record before us, we cannot say that the commissioner's determination was irrational, baseless, or unreasonable. Nor was it made in bad faith. Most of the land in dispute is unquestionably wetland. Testimony at the hearing indicated the necessity of a certain amount of upland in order to create a buffer between the preserve and adjoining properties. Therefore, the decision to acquire all of Parcel 35.5, including the upland portions to the north, accorded with the law. The record indicates that the department has already acquired the subject property despite the fact that EDPL (401, subd [A]) requires the condemnor to await the entry of the final order of this court on judicial review before commencing proceedings to acquire the land. However, in light of our decision that acquisition by the State is proper, this question is now academic. Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.