■ FREMONT-ROCKLAND SEWAGE CORP., Respondent, v ROBERT BOCK et al., Appellants. (And Other Related Proceedings.)—Appeals (1) from an order of the County Court of Sullivan County, entered June 7, 1979, which granted plaintiff's motion for immediate entry upon the real property for temporary devotion to public use, and (2) from a judgment of said court, entered June 7, 1979, which granted plaintiff's application for condemnation of certain real property. Plaintiff is a sewage-works corporation organized under article 10 of the Transportation Corporations Law, the stock of which is owned by Titan Group, Inc. (hereinafter Titan). Titan owns real property in the Town of Fremont, Sullivan County, on which a recreation resort, approved by the Town of Fremont Planning Board, is under construction. In order to provide for sewage disposal for the resort, Titan contracted with the Town of Rockland, acting for and on behalf of the Roscoe-Rockland Sewer District, for the construction of a sewer line along the Tennanah Lake Road to the sewer main of the Roscoe-Rockland Sewer District, which sewer line would

be turned over to the Town of Rockland. Approval for the sewer line was obtained from the Department of Environmental Conservation and the Town Boards of the Towns of Rockland and Fremont. For the purpose of constructing the sewer line, Titan created the plaintiff corporation. Plaintiff instituted the instant proceeding by serving a petition and supporting papers on all of the property owners through whose property the sewer line was to be constructed, pursuant to article 2 of the Condemnation Law. The petition sought a 25-foot wide sewer easement across the parcels of property along Tennanah Lake Road for a distance of over three miles. The trial court granted the relief requested in the plaintiff's petition. Judgment granting plaintiff's application for condemnation of the real property and directing a commission of appraisal to ascertain the value of the property was entered. An order was also entered granting plaintiff's motion for authority to immediately enter on the real property to be condemned to devote it temporarily to the public use purposes for which it was condemned. The Condemnation Law requires that the petition set forth the fact that the plaintiff has been unable to agree with the owner of the property for its purchase, and the reason for such inability (Condemnation Law, § 4, subd 5). Defendants claim that the reason given in the petition, that the owners refused to accept an offer which the condemnors considered reasonable, and that future negotiations would be futile, was not sufficient to satisfy the statute. In our view, there was a sufficient showing by the plaintiff of compliance with the jurisdictional requirement and the condition precedent to maintenance of a condemnation proceeding *(City of Plattsburgh v Kellogg,* 254 App Div 455, 457). Furthermore, we find no merit in defendants' contention that the use to which the property sought is to be put is a private use which will only incidentally benefit the public. Defendants argue that the condemnor sewage corporation was formed solely for the private purpose of providing sewage disposal for Titan's proposed real estate development. While it is undoubtedly true that Titan will benefit from the installation of the sewer line, the public generally will benefit. So long as the intended use is a public one, the fact that it will confer an incidental private benefit will not invalidate the public use *(Denihan Enterprises v O'Dwyer,* 302 NY 451, 458). Furthermore, so long as the use to be made of the condemned property is for the benefit of the public, a motive of private gain is immaterial *(Pocantico Water Works Co. v Bird,* 130 NY 249, 258-259). Finally, plaintiff was entitled to immediate possession of the property to devote it temporarily to the public use for which it was condemned. Plaintiff's affidavit justified the temporary taking by establishing that in order to comply with the contract, work on the sewer line had to commence as soon as possible, particularly due to the short construction season. Order and judgment affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.