## (September 11, 1981)

■ FREMONT-ROCKLAND SEWAGE CORP., Respondent, v ROBERT BOCK et al., Appellants. (And Other Related Proceedings.) — By order entered July 10, 1981, appellants' motion for reargument of this court's prior decision dated December 18, 1980, was granted as to the issue of whether plaintiff conducted good faith negotiations with the landowners prior to seeking condemnation. The matter was ordered restored to the calendar for the term commencing August 31, 1981. Upon reargument, we adhere to our original decision affirming the order and judgment of the County Court of Sullivan County. Appellants' motion for permission to appeal to the Court of Appeals is denied. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.

## (September 17, 1981)

■ In the Matter of PATRICK J. BROPHY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar on February 20, 1973 by the Appellate Division, Fourth Judicial Department. On January 12, 1981 he was convicted in the United States District Court for the Western District of New York, upon a verdict, of the misdemeanor of willfully depriving an individual of rights secured to him by the United States Constitution in violation of sections 242 and 2 of title 18 of the United States Code. He was sentenced to pay a fine of $500. Recent amendments to section 90 of the Judiciary Law (L 1979, ch 674, § 1) mandate the automatic suspension of an attorney convicted of a serious crime unless such suspension is set aside upon the attorney's application by the Appellate Division (Judiciary Law, § 90, subd 4, par f). On February 11, 1981 respondent filed a record of his conviction with this court and moved to set aside the automatic suspension, claiming that his conviction resulted from an inadvertent violation of a prosecutor's duty under the mandates of *Brady v Maryland* (373 US 83) not to withhold evidence favorable to an accused. We granted respondent's motion and directed that he show cause why a final order of suspension, censure or removal from office should not be made pursuant to section 90 (subd 4, par g) of the Judiciary Law. Thereafter respondent and petitioner filed papers on the question of the sanction to be imposed upon respondent. In determining the appropriate measure of discipline, we have taken into consideration respondent's previous unblemished record, as well as the fact that he has suffered the stigma of a criminal conviction, and are of the opinion that the interests of justice will be adequately served by a censure. Respondent censured. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.