■ VILLAGE AUTO BODY WORKS, INC., Petitioner, v INCORPORATED VILLAGE OF WESTBURY, Respondent. — Proceeding pursuant to section 207 of the Eminent Domain Procedure Law (EDPL) to (1) annul a determination of the Village of Westbury, dated August 7, 1981, to acquire petitioner's property by condemnation for public parking, or, in the alternative, (2) grant leave to petitioner to conduct discovery and order an evidentiary hearing on the question of whether the proposed acquisition was made in bad faith. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. The petitioner has been actively engaged in the business of towing, repairing and storing collision-damaged motor vehicles in the Incorporated Village of Westbury since 1977. To alleviate parking problems encountered in the running of its business, in March, 1981 petitioner purchased a lot across the street from its business. Shortly thereafter, in April, 1981, representatives of the village sought to purchase the land. The village then determined to acquire the parcel by condemnation and following proper publication of notice a public hearing was conducted on June 4, 1981. In August, 1981 the board of trustees of the village passed a resolution to acquire the parcel by condemnation. It was found that the property would serve the village's present need for additional public parking in its central business district. We initially find that the transcribed record of the public hearing is sufficient for this court to exercise its review powers and consider the contentions advanced by the petitioner. That record provides ample support for the determination that the condemnation would serve the public purpose of affording needed parking in the business district of the village (*Denihan Enterprises v O'Dwyer,* 302 NY 451, 458; *Amsterdam Parking Auth. v Trevett,* 11 Misc 2d 966, 967). The record clearly indicates that most of the persons who testified in opposition to the acquisition were of the view that the proposed public parking facilities would better serve the village merchants if the facilities were located elsewhere. However, as stated in *6419 New Utrecht Realty Corp. v New York City Tr. Auth.* (76 Misc 2d 711, 714) "[c]laims that other available sites are more suitable are no basis to set aside the choice. Site selection is properly for the condemning authority * * * not for the court" (see, also, *Matter of City of Syracuse v Eastman,* 230 App Div 522, 523). The record does not warrant a finding that the chosen location does not rationally serve the stated purpose of providing needed parking. Petitioner claims, however, that the condemning authorities have acted in bad faith. The record does not support that claim. While it is true that the parcel is irregular in shape and is adjacent to property that is owned by a member of the village planning board, the petitioner has failed to make a clear showing as to how these facts undermine the *bona fides* of the legislative body in acquiring the property for public parking. Absent such demonstration, there is no basis to overturn the legislative act (*Matter of Dowling Coll. v Flacke,* 78 AD2d 551, 552; *Saso v State of New York,* 20 Misc 2d 826, 829). Moreover, there is no basis for ordering prehearing disclosure and a hearing on the issue of bad faith. EDPL 207, which was enacted in 1977, contemplates a summary review procedure. This court is to review the record and either reject or confirm the findings of the condemning authority (EDPL 207, subd [C]). The scope of review is limited to whether "(1) the proceeding was in conformity with the federal and state constitutions, (2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority, (3) the condemnor's determination and findings were made in accordance with procedures set forth in this article, including, where applicable, a determination that an acquisition is exempt from compliance with this article, and (4) a public use will be served by

the proposed acquisition." Although the 1977 legislation may have left something to be desired in terms of clarity (cf. *County of Monroe v Morgan*, 83 AD2d 777), it does not violate either the procedural or substantive due process rights of the property owner (*First Broadcasting Corp. v City of Syracuse*, 78 AD2d 490, 494-495). The petitioner had ample opportunity to raise the claim of bad faith at the public hearing. While there may be certain practical impediments to demonstrating bad faith at a public hearing, a petitioner is not denied a forum nor opportunity to present its views and supporting evidence. In view of the availability of the opportunity to make a record on the issue of bad faith, and the failure to do so, an additional hearing and related disclosure are not warranted. Mollen, P. J., Mangano, Bracken and Niehoff, JJ., concur.