■ JOHN PIZZUTI, Petitioner, v METROPOLITAN TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to EDPL 207 to review a determination of the respondent Metropolitan Transit Authority, dated April 19, 1985, to acquire petitioner's property by condemnation for use for construction of an electric substation as part of the Long Island Rail Road's Main Line Electrification Project.

Determination confirmed and proceeding dismissed, with costs.

A 48-foot by 160-foot parcel of land belonging to petitioner, which he claims to have purchased as a natural buffer against the Long Island Rail Road (hereinafter LIRR) (part of which is approximately 350 feet from the northerly corner at his property), was condemned by respondent as part of the Main Line Electrification Project (hereinafter MLEP). Petitioner alleges that the public hearing conducted pursuant to EDPL 201 was a sham, and that respondent failed to comply with the State Environmental Quality Review Act ([SEQRA], ECL art 8).

EDPL 207, pursuant to which this proceeding has been initiated, states in pertinent part:

"§ 207. Judicial review

"(A) Any person or persons jointly or severally, aggrieved by the condemnor's determination and findings made pursuant to section two hundred four of this article, may seek judicial review thereof by the appellate division of the supreme court, in the judicial department embracing the county wherein the proposed facility is located * * *

"(C) The court shall either confirm or reject the condemnor's determination and findings. The scope of review shall be limited to whether:

"(1) the proceeding was in conformity with the federal and state constitutions,

"(2) the proposed acquisition is within the condemnor's statutory jurisdiction or authority,

"(3) the condemnor's determination and findings were made in accordance with procedures set forth in this article, and

"(4) a public use, benefit or purpose will be served by the proposed acquisition".

By its terms, EDPL 207 limits this court's jurisdiction in this kind of proceeding to those matters expressly set forth in that section (see, *Village Auto Body Works v Incorporated Vil. of Westbury,* 90 AD2d 502, *appeal dismissed* 58 NY2d 778). The petitioner's claim with respect to the alleged sham nature of the hearing is cognizable under EDPL 207. However, our review of the record, including the minutes of the public hearing, satisfies us that notice of the hearing was duly given in accordance with the requirements of EDPL 203. Petitioner's other claim that the respondent is without authority to acquire his property or to undertake electrification of the main line of the LIRR because the respondent has failed to comply with SEQRA is beyond our scope of review under EDPL 207 (see, *Matter of Piotrowski v Town of Glenville,* 101 AD2d 654; *Matter of City of Schenectady v Flacke,* 100 AD2d 349; *Sandpiper Constr. Co. v Siegel,* 97 AD2d 539). Lazer, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.