OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner brought this proceeding directly in the Appellate Division, pursuant to EDPL article 2, to challenge the taking of a 48-foot by 160-foot portion of his real property located in Bethpage, Long Island. The condemnation was made by respondent in connection with its project to electrify the main line of the Long Island Rail Road from Hicksville to Ronkonkoma. Insofar as here pertinent, the petition alleges that there has been a failure to comply with the State Environmental Quality Review Act (SEQRA) which, it is urged, deprives respondent of its right to condemn the property.
We agree with the Appellate Division, which confirmed the determination, that compliance with SEQRA is not subject to judicial review in a proceeding brought pursuant to EDPL 207. Although SEQRA and EDPL overlap in requiring that environmental effects be identified, they contemplate different procedures for judicial review (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 418). By its terms, *1041 EDPL 207 expressly limits the scope of review to whether the proceeding was constitutional or within the agency’s jurisdiction; whether the agency made its determination and findings in accordance with the procedures set forth in EDPL article 2; and whether "a public use, benefit or purpose will be served by the proposed acquisition” (EDPL 207 [C] [4]). Whether there has been compliance with SEQRA can be judicially reviewed only in a separate CPLR article 78 proceeding commenced in Supreme Court (see, Sandpiper Constr. Co. v Siegel, 97 AD2d 539, lv denied 61 NY2d 608).
Petitioner also seeks review of a judgment of Supreme Court, Nassau County, which, in a separate proceeding, granted respondent permission to file an acquisition map. Contrary to petitioner’s argument, CPLR 5501 (a) does not permit this court to review orders and judgments rendered in different, though related, actions and proceedings.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Judgment affirmed, with costs, in a memorandum.