■ 1521 SQUARE INC., Petitioner, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—Proceeding pursuant to EDPL 207 to review a determination of the respondent condemning a certain parcel of real property owned by the petitioner to permit the respondent to erect a new operations center to service the electrical power needs of the surrounding communities.

Adjudged that the determination and findings are confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner's contention that the proposed operations center will not constitute a public use of the subject property is unpersuasive in light of the evidence adduced at the public hearings *(see, Matter of Neptune Assoc. v Consolidated Edison Co.,* 125 AD2d 473 [decided herewith]).

Moreover, we disagree with the petitioner's claim that the acquisition of its property by the respondent is ultra vires. The hearing record supports the determination that the petitioner's property is needed by the respondent in order to carry out its public function; hence the acquisition by eminent domain is authorized because it is "necessary for [the respondent's] corporate purposes" (Transportation Corporations Law § 11 [3-a]; *see, Matter of Neptune Assoc. v Consolidated Edison Co., supra; Cuglar v Power Auth.,* 4 Misc 2d 879, 901, *affd* 4 AD2d 801, *affd* 3 NY2d 1006).

Additionally, the Hearing Officer's findings concerning the many advantages offered by the site and the lack of adverse environmental and traffic impacts are supported by the evidence in the record and we discern no basis for disturbing them *(see generally, Town of Coxsackie v Dernier,* 105 AD2d 966; *Long Is. R. R. Co. v Long Is. Light. Co.,* 103 AD2d 156, *affd* 64 NY2d 1088; *Matter of Dowling Coll. v Flacke,* 78 AD2d 551).

The petitioner's remaining contentions are beyond our scope of review *(see,* EDPL § 207; *Matter of Neptune Assoc. v Consolidated Edison Co., supra; Matter of First Broadcasting Corp. v*

*City of Syracuse,* 78 AD2d 490, *appeal dismissed* 53 NY2d 939; *see generally, Pizzuti v Metropolitan Tr. Auth.,* 114 AD2d 943, *affd* 67 NY2d 603; *Village Auto Body Works v Incorporated Vil. of Westbury,* 90 AD2d 502, *appeal dismissed* 58 NY2d 778). Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.