■ In the Matter of NEPTUNE ASSOCIATES, INC., Petitioner, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—Proceeding pursuant to EDPL 207 to review an undated determination of the respondent condemning a certain parcel of real property owned by the petitioner to enable the respondent to erect a new operations center to service the electrical power needs of the surrounding communities.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The respondent seeks to acquire by eminent domain certain land of the petitioner and another landowner located on Neptune Avenue in Kings County in order to construct a new "operations center". It is undisputed that the center will be

used to house personnel and equipment of the respondent for the purpose of serving the respondent's 350,000 customers in the surrounding communities. Public hearings concerning the proposed condemnation were held pursuant to EDPL article 2 on February 3, 1986, and the Hearing Officer subsequently issued his determination and findings favoring the acquisition of the subject property. We find the petitioner's present challenges to the Hearing Officer's conclusions unpersuasive; hence we confirm the determination.

The petitioner's contention that the proposed operations center will not constitute a public use of the subject property is without merit. While the center will include some office space and will also contain employee facilities such as lockers and showers, it is clear that the overriding purpose of the proposed project is to provide both routine and emergency service to the respondent's customers and to insure the safe and efficient transmission of electricity through the replacement, repair and maintenance of power lines in the area. Indeed, the record fully supports this conclusion, for the proposed office space will contain construction, engineering, meter bureau and emergency service personnel, while the center will also feature a garage designed to maintain 130 vehicles, including overhead line and bucket trucks, splicing vans, service installation and emergency service vehicles, and tool carts. It is firmly established that the Hearing Officer's determination may not be disturbed absent a showing of bad faith or unreasonableness (see, e.g., Matter of Town of Coxsackie v Dernier, 105 AD2d 966; Long Is. R. R. Co. v Long Is. Light. Co., 103 AD2d 156, affd 64 NY2d 1088; Sandpiper Constr. Co. v Siegel, 97 AD2d 539, lv denied 61 NY2d 608; Matter of Dowling Coll. v Flacke, 78 AD2d 551). In light of the aforementioned uncontroverted evidence, we discern no basis for upsetting the determination that the proposed center will constitute a public use of the property. In this regard, we further note that the finding of public use is not vitiated merely by reason of the fact that the respondent may experience a private financial benefit from the acquisition of the subject property, for such private gain is merely incidental to the primary public purpose to be served by the proposed project (see, e.g., Yonkers Community Dev. Agency v Morris, 37 NY2d 478, appeal dismissed 423 US 1010; Matter of Northeast Parent & Child Socy. v City of Schenectady Indus. Dev. Agency, 114 AD2d 741; Fremont-Rockland Sewage Corp. v Bock, 79 AD2d 768, affd on rearg 83 AD2d 975; Matter of Terrace W. v City of Plattsburgh, 73 AD2d 763).

Similarly unavailing is the petitioner's contention that the respondent's exercise of its eminent domain powers in this case is ultra vires because the property is not to be used for the construction of a facility to generate or transmit electrical power. Transportation Corporations Law § 11 (3-a) expressly authorizes an electric corporation "to acquire such real estate as may be necessary for its corporate purposes * * * in the manner prescribed by the eminent domain procedure law". The evidence adduced at the hearing demonstrated that the respondent's present operations center is woefully inadequate in both size and accessibility and therefore cannot properly serve the needs of the surrounding communities. Moreover, the lease on the respondent's current facility is due to expire in mid 1988. Under these circumstances, it is apparent that the proposed operations center is necessary to the respondent's continued performance of its public duty to provide safe and efficient transmission of electrical power; hence the acquisition of the petitioner's property is authorized by the statute and is inextricably intertwined with the carrying out of the respondent's broader public function (see generally, Cuglar v Power Auth., 4 Misc 2d 879, 901, affd 4 AD2d 801, affd 3 NY2d 1006; People ex rel. Horton v Prendergast, 248 NY 215, appeal dismissed 278 US 579).

The petitioner's claim that other sites are available and are adequate to meet the respondent's needs likewise presents no basis to set aside the Hearing Officer's determination. The selection of a particular site is properly a matter for the condemning authority rather than the court (see, Village Auto Body Works v Incorporated Vil. of Westbury, 90 AD2d 502, appeal dismissed 58 NY2d 778). The instant record reveals that the respondent undertook a lengthy study of more than 40 available sites, evaluating the size, location, zoning restrictions, roadway accessibility, and construction costs of each. In light of this fact, we discern no irrationality in its selection of the petitioner's property as the most appropriate site for the proposed operations center. Furthermore, the Hearing Officer's findings concerning the minimal environmental impact of the project are fully supported by the record.

The petitioner's remaining contentions concerning alleged violations of EDPL article 3 by the respondent are beyond the limited scope of judicial review authorized by EDPL 207. Hence we do not consider these issues (see, Matter of First Broadcasting Corp. v City of Syracuse, 78 AD2d 490, appeal dismissed 53 NY2d 939; see generally, Pizzuti v Metropolitan Tr. Auth., 114 AD2d 943, affd 67 NY2d 1039; Matter of

*Piotrowski v Town of Glenville,* 101 AD2d 654; *Sandpiper Constr. Co. v Siegel,* 97 AD2d 539, *supra).* Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.