■ MARK IV CONSTRUCTION Co., INC., Petitioner, v TOWN OF PERINTON et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: This proceeding is brought by petitioner pursuant to EDPL 207 to annul the determination of respondent Town Board of the Town of Perinton to condemn a sewer easement across petitioner's property. Petitioner contends that this taking was not for a public use, benefit or purpose and that respondent's determination did not comply with EDPL 204 (B) (2) and (3) because it failed to set forth the reasons for the location selected and the general effect of the project on the residents and environment. We disagree.

This project is for the public purpose of providing public sewers to residents of the town. Further, by connecting these residents into the town system, rather than to Village of Fairport's sewers, it will reduce the debt service of the town system and provide additional operations and maintenance

revenues, while preventing additional demands being placed on the older village system. The fact that a private developer will derive an incidental benefit from this taking does not vitiate its public purpose *(Matter of Neptune Assocs. v Consolidated Edison Co.*, 125 AD2d 473, 474; *Fremont-Rockland Sewage Corp. v Bock,* 79 AD2d 768, 769, *affd on rearg* 83 AD2d 975).

We further find that while the Board does not expressly state the reasons for the selection of this location, it is sufficiently detailed in respondent's return to meet the statutory requirement *(see, e.g., First Broadcasting Corp. v City of Syracuse,* 78 AD2d 490, 497; *Village Auto Body Works v Incorporated Vil. of Westbury,* 90 AD2d 502). The record in this regard establishes that this route was selected because it was the most direct route to connect these developments with the town system without interfering with petitioner's buildings. Additionally, site selection, absent bad faith or unreasonableness, is within the province of the condemning authority and not the courts *(Matter of Neptune Assocs. v Consolidated Edison Co., supra; Matter of Town of Coxsackie v Dernier,* 105 AD2d 966, 968; *Village Auto Body Works v Incorporated Vil. of Westbury, supra).* Finally, respondent's determination adequately addresses the effect of the project on the environment and residents in the locality (EDPL 204 [B] [3]). (Eminent Domain Procedure Law.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.