■ EDWARD R. DELAMATER et al., Appellants, v MARY RYBALTOWSKI, Respondent, et al., Defendants.—Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered August 16, 1989 in Saratoga County, which dismissed the complaint.

Defendant Mary Rybaltowski and her late husband purchased certain property located in the Stony Point area of Saratoga Lake in 1952. A portion of this property (hereinafter the subject property) was subject to certain restrictions, including a prohibition on further subdivision. The following year, plaintiffs purchased property in the same area and their deed included the right to enforce the restrictive covenants created by the common grantor. The Rybaltowskis conveyed a

portion of the subject property in 1963 to the remaining defendants, who made a number of improvements and alterations to the structure located on the property. The Rybaltowskis constructed a home in 1966 on adjacent property which was not subject to the restrictive covenants. It appears that they used the retained portion of the subject property as access to Saratoga Lake. The retained portion of the subject property was conveyed in June 1987 to persons who are not parties to this action, which was commenced against Rybaltowski in December 1987.

According to Rybaltowski, many of the restrictions have been ignored and violated for years without any attempt at enforcement by plaintiffs. In particular, she points to some 13 conveyances during the 1960s and 1970s which violated the restriction on further subdivision. She also asserts that the conveyances of the subject property were made in reliance upon the absence of any effort to enforce the restriction. In response, plaintiffs claim only that they were unaware of the 1963 conveyance until September 1985.

In these circumstances, we agree with Supreme Court's determination that plaintiffs are guilty of laches. "The essential element of laches is delay prejudicial to the opposing party" (*New York Pub. Interest Research Group v Levitt*, 62 AD2d 1074, 1075-1076, *appeal dismissed* 46 NY2d 849). Even accepting plaintiffs' less than convincing claim that they were unaware of the 1963 conveyance until 1985, they still waited more than two years before commencing this action to right a wrong which allegedly occurred 25 years earlier, and during this two-year period Rybaltowski conveyed the retained portion of the subject property. Supreme Court's order dismissing the complaint should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.