■ In the Matter of FAITH TEMPLE CHURCH, Petitioner, v TOWN OF BRIGHTON et al., Respondents. [794 NYS2d 249]—

Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to review a determination of respondent Town of Brighton to condemn a parcel of real property that petitioner had contracted to purchase.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking review of a determination of respondent Town of Brighton (Town) to condemn a parcel of real property that petitioner had contracted to purchase. We agree with petitioner that it has standing to challenge the Town's determination and findings in this proceeding. Pursuant to EDPL

207 (A), "[a]ny person or persons jointly or severally, aggrieved by the condemnor's determination and findings made pursuant to [EDPL 204], may seek judicial review thereof." As holder of an equitable interest under its purchase contract for the property, petitioner is a "condemnee" within the meaning of EDPL 103 (C) and is thus entitled to standing (see *Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 84 NY2d 287, 293 [1994]; *Matter of City of New York*, 306 NY 278, 281-282 [1954]). Furthermore, we conclude that the failure of respondents to address the issue of standing in their brief may be considered as a concession that petitioner has standing (see e.g. *Matter of Faith AA.*, 139 AD2d 22, 26 [1988]).

Nevertheless, "petitioner has failed to sustain its burden of establishing that the determination was without foundation and baseless" (*Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 673 [2001]; see *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]). Additionally, petitioner has not demonstrated "that the manner in which [the Town] proceeded was in bad faith" (*Matter of Ranauro v Town of Owasco*, 289 AD2d 1089, 1090 [2001]). To overturn a legislative act, there must be a clear showing of bad faith (see *Village Auto Body Works v Incorporated Vil. of Westbury*, 90 AD2d 502 [1982], *appeal dismissed* 58 NY2d 778 [1982]). While petitioner had an "opportunity to make a record on the issue of bad faith" at the EDPL hearing (*id.* at 503), it did not do so. Petitioner's claims, at best, amount to "mere allegations of bad faith" (*Waldo's, Inc.*, 74 NY2d at 722).

Furthermore, petitioner failed to demonstrate that the Town's conduct was "irrational, baseless or palpably unreasonable" (*Matter of Dowling Coll. v Flacke*, 78 AD2d 551, 552 [1980]). Rather, the record supports the Town's finding that the parcel "is the only remaining parcel in the Town of its size suitable for parkland development" in accordance with the Town's Comprehensive Plan 2000 and Open Space Plan. Because petitioner has failed to demonstrate "that the determination was 'without foundation' " (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986]) and the record reflects that the Town's exercise of eminent domain " 'is rationally related to a conceivable public purpose' " (*Matter of Bergen Swamp Preserv. Socy. v Village of Bergen*, 294 AD2d 827, 828 [2002]), the determination and findings must be confirmed.

Contrary to the contentions of petitioner and respondents, this Court does not have authority under the EDPL to consider petitioner's causes of action under the Religious Land Use and Institutionalized Persons Act (42 USC § 2000cc *et seq.*). Those

causes of action, which also appear to have been raised in an action filed in United States District Court contemporaneously with the commencement of this proceeding (*see Faith Temple Church v Town of Brighton*, — F Supp 2d —, 2005 WL 66210, 2005 US Dist LEXIS 8065 [WD NY, Jan. 12, 2005]), must be determined by that court. EDPL 207 (C) limits the scope of this Court's review of the Town's determination and findings, and does not confer authority to determine whether the Town would, by condemning certain property, be in violation of a federal statute (*see generally Jackson*, 67 NY2d at 418).

Finally, the determination and findings may not be annulled on the ground that the EDPL proceeding failed to comply with the Federal and State Constitutions. The question of whether the proceeding "was in conformity with the federal and state constitutions" (EDPL 207 [C] [1]) may include a review of whether the proposed condemnation conforms with freedom of religion principles, and thus this Court may review the record to determine whether the proceeding conforms with the Free Exercise Clause of the First Amendment to the United States Constitution (*see e.g. Thiry v Carlson*, 78 F3d 1491, 1496 [1996], *cert denied* 519 US 821 [1996]; *Cottonwood Christian Ctr. v Cypress Redevelopment Agency*, 218 F Supp 2d 1203, 1224 [2002]; *see also City Chapel Evangelical Free v City of South Bend*, 744 NE2d 443, 450 [2001] [Ind]), which has its counterpart in NY Constitution, article I, § 3.

Here, however, petitioner has failed to demonstrate on this record that the proposed condemnation violates the Free Exercise Clause or its New York counterpart. The application of a statute such as the EDPL, an "otherwise valid, neutral, and generally applicable law[ ]," does not ordinarily violate the Free Exercise Clause (*Cottonwood Christian Ctr.*, 218 F Supp 2d at 1223; *see Thiry*, 78 F3d at 1496; *City Chapel Evangelical Free*, 744 NE2d at 452). Generally, a "law that is neutral and of general applicability need not be justified by a compelling government interest even if the law has the incidental effect of burdening a particular religious practice" (*Church of Lukumi Babalu Aye, Inc. v Hialeah*, 508 US 520, 531 [1993]). Here, the record demonstrates that the Town's "actions are neutral and generally applicable" (*Thiry*, 78 F3d at 1496), and petitioner has failed to demonstrate that the proposed condemnation imposes a substantial burden on its exercise of religion (*cf. McEachin v McGuinnis*, 357 F3d 197, 202-203 [2004]; *Ford v McGinnis*, 352 F3d 582, 592-94 [2003]). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.