■ In the Matter of CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Certain Real Property for the Construction of the Third Water Tunnel, Shaft 30B. GRAND LAFAYETTE PROPERTIES LLC, Appellant. [795 NYS2d 229]—

Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered January 12, 2005, which granted, in all respects, the City's application to acquire the subject property, and denied as time-barred the counterclaim challenges to the condemnation proceeding, unanimously affirmed, without costs.

The affidavit in support of the City's petition sufficiently demonstrates that acquisition of the site in its entirety in fee simple absolute is not in excess of the taking required for public purposes (*cf. Hallock v State of New York*, 32 NY2d 599, 605 [1973]; *Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 723 [2002]). A complex construction plan such as that described for Shaft 30B requires flexibility in its present and future engineering requirements, and the dimensions of the property that will actually be required cannot accurately be determined prior to construction. The City's request to acquire the entire parcel is therefore not unreasonable (*see Cuglar v Power Auth. of State of N.Y.*, 4 AD2d 801 [1957], *affd* 3 NY2d 1006 [1957]). The court properly determined that "the City should not have to depend on an easement given by a private landowner when it is time to make repairs, or, if necessary, respond to a crisis situation where the City's vital water supply is concerned."

The condemnee's challenge to the City Planning Commission's resolution pursuant to the Uniform Land Use Review Procedure was properly dismissed as untimely.

We have considered the condemnee's remaining contentions and find them unavailing. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.