In the Matter of RICHARD W. PFOHL, Petitioner, v VILLAGE OF SYLVAN BEACH, Respondent. [809 NYS2d 367]—

Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent to condemn a parcel of petitioner's property.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to EDPL 207 seeking to annul respondent's determination to condemn a .318 acre parcel of petitioner's property along the Oneida Lake shoreline. Petitioner contends, inter alia, that the proposed condemnation was undertaken in bad faith. Our scope of review pursuant to EDPL 207 (C) is limited to whether the proceeding was in conformity with constitutional requirements, whether the proposed acquisition is within the statutory jurisdiction or authority of the condemnor, whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and ECL article 8, and whether a proposed use, benefit or purpose will be served by the proposed acquisition. In addition, as the Third Department has noted, although "other courts in similar proceedings have reviewed the challenged determination on the basis of whether it was irrational, baseless, palpably unreasonable or made in bad faith . . . , [that standard of review] has its origin in decisional law that predates adoption of the EDPL" (*Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 672 [2001]). Nevertheless, "we need not tarry over the question of the proper standard to be applied because on this record, under either test [i.e., that set forth in EDPL 207 (C) or the decisional law that predated its enactment], petitioner has failed to sustain [his] burden of establishing that the determination was without foundation and baseless" (*id.* at

673; *see Matter of Faith Temple Church v Town of Brighton*, 17 AD3d 1072, 1073 [2005]) and has not demonstrated that respondent proceeded in bad faith (*see Faith Temple Church*, 17 AD3d at 1073; *Matter of Ranauro v Town of Owasco*, 289 AD2d 1089, 1090 [2001]).

Nor is there merit to petitioner's contention that the taking is unconstitutional. Respondent has broad discretion in deciding what land is necessary to fulfill the public purpose (*see Matter of City of Mechanicville v Town of Halfmoon*, 23 AD3d 897, 899 [2005]). Where a municipality acquires land for a public beach, acquisition of the property in fee is appropriate (*see Matter of City of New York*, 269 NY 64, 68-69 [1935]). Also contrary to petitioner's contention, the exercise of the eminent domain power here is "rationally related to a conceivable public purpose," i.e., to maintain a public beach and recreational area along the shoreline of Oneida Lake (*Lubelle v City of Rochester*, 145 AD2d 954, 954 [1988]). Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.