■■■ In the Matter of Judith E. Dudley et al., Petitioners, v
Town Board of Town of Prattsburgh et al., Respondents. [872
NYS2d 614]—

Proceeding pursuant to EDPL 207 (initiated in the Appellate
Division of the Supreme Court in the Fourth Judicial Depart-
ment) to annul a determination of respondent Town Board of
Town of Prattsburgh to condemn a portion of petitioners' prop-
erty in order to create certain easements.

It is hereby ordered that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this proceeding pursu-
ant to EDPL 207 seeking to annul the determination of respon-
dent Town Board of Town of Prattsburgh (Town Board) to
condemn a portion of petitioners' property in order to create
easements to enable respondent Windfarm Prattsburgh, LLC, to
place underground electricity lines for a wind farm project. We
confirm the determination. According to petitioners, the Town
Supervisor, who cast the deciding vote on both the resolution
commencing the condemnation proceedings and the resolution
approving the condemnation, had an impermissible conflict of
interest that required his recusal from the proceedings. Our
scope of review in this proceeding pursuant to EDPL 207 (C) is,

however, "limited to whether the proceeding was in conformity with constitutional requirements, whether the proposed acquisition is within the statutory jurisdiction or authority of the condemnor, whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and ECL article 8, and whether a proposed [public] use, benefit or purpose will be served by the proposed acquisition" (*Matter of Pfohl v Village of Sylvan Beach*, 26 AD3d 820, 820 [2006]). Here, petitioners did not allege that the Town Supervisor's alleged conflict of interest resulted in the deprivation of their constitutional rights, nor did they otherwise raise any of the factors set forth in EDPL 207 (C) to warrant the annulment of the determination. We thus conclude that the proper procedural vehicle by which petitioners should raise their contentions is a proceeding pursuant to CPLR article 78 (*see* CPLR 7803 [3]; *see generally Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 547 [2006]).

In any event, we conclude that petitioners failed to meet their burden of establishing that the Town Board's determination was "without foundation and baseless" (*Matter of Butler v Onondaga County Legislature*, 39 AD3d 1271 [2007]; *Pfohl*, 26 AD3d 820 [2006]; *Matter of Faith Temple Church v Town of Brighton*, 17 AD3d 1072, 1073 [2005]; *see generally Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720-721 [1989]). Contrary to the contention of petitioners, a town board's findings that condemnation for the purpose of creating easements would, inter alia, "create jobs, provide infrastructure, and possibly stimulate new private sector economic development" constitute an adequate basis for the Town Board's determination that the condemnation would serve a public use or benefit (*Sunrise Props. v Jamestown Urban Renewal Agency*, 206 AD2d 913 [1994], *lv denied* 84 NY2d 809 [1994]; *see also Vitucci v New York City School Constr. Auth.*, 289 AD2d 479, 481 [2001], *lv denied* 98 NY2d 609 [2002]; *see generally Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 425 [1986]). Finally, we have reviewed petitioners' remaining contention and conclude that it is without merit. Present—Scudder, P.J., Smith, Centra and Fahey, JJ.