■ ALICE PUTNEY et al., Appellants, v THE PEOPLE OF THE STATE OF NEW YORK, Acting by and Through the POWER AUTHORITY OF THE STATE OF NEW YORK, et al., Respondents. [942 NYS2d 252]—

Rose, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered August 19, 2010 in St. Lawrence County, which, among other things, granted defendants' motion to dismiss the complaint, and (2) from an order of said court, entered February 24, 2011 in St. Lawrence County, which denied plaintiffs' motion for reargument.

Plaintiffs are successors in interest to the former owners of five parcels of real property appropriated by the Power Authority of the State of New York (hereinafter NYPA) in 1955 and 1964 in connection with a project to develop the international rapids section of the St. Lawrence River by constructing a number of dams, the St. Lawrence Seaway and the St. Lawrence Power Plant (*see* Public Authorities Law §§ 1001, 1002, 1005). Four of the five parcels directly adjoin the river, and they all were appropriated by NYPA in fee for flooding and flowage purposes and to ensure that any erosion caused would occur on land owned by defendant State of New York. After more than four decades of experience operating the project, NYPA determined that it no longer needed a fee interest in the parcels and would convey title to them while retaining rights of flooding and flowage.

Accordingly, in 2006 and 2007, NYPA offered plaintiffs the opportunity to purchase the parcels for an amount found by its appraiser to be fair market value (*see* Public Authorities Law

§ 1007 [10]). Unhappy with the appraised value, plaintiffs commenced this declaratory judgment action in June 2009, alleging, among other things, that the original takings in 1955 and 1964 were excessive and, therefore, illegal and unconstitutional. Defendants filed a preanswer motion to dismiss based on the statute of limitations and laches, and plaintiffs moved to amend the complaint to add causes of action for fraud and continuing trespass. Supreme Court dismissed the complaint as time-barred and denied plaintiffs' motion to amend as well as their subsequent motion to reargue. Plaintiffs appeal from both orders.

Contending that the original appropriation of a fee interest in the parcels was excessive and illegal from the outset because NYPA now agrees that it needs only a flowage easement, plaintiffs argue that the statute of limitations did not begin to run until they first discovered the illegality when NYPA offered to convey the parcels to them. We are not persuaded. Generally, the limitations period begins to run on the date when the injury occurs and the plaintiff first becomes entitled to maintain the particular action in question (*see Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]; *Britt v Legal Aid Socy.*, 95 NY2d 443, 446 [2000]). Here, the alleged injury occurred in 1955 and 1964 when title to the appropriated property vested upon the filing of the acquisition maps in the County Clerk's Office (*see* Highway Law former § 30 [6]; *La Porte v State of New York*, 6 NY2d 1, 5 [1959]), and plaintiffs offer no authority upon which to conclude that the statute of limitations for a challenge to the extent of the appropriation commenced at any time other than when title vested.[1] Nor have plaintiffs advanced any persuasive reason why they or their predecessors in interest could not have challenged the extent of the appropriations in a timely manner.[2]

Supreme Court also properly denied plaintiffs' motion to amend the complaint because the proposed causes of action for fraud and continuing trespass rely upon plaintiffs' basic claim that the appropriations were excessive, and yet the basic claim has no merit. In reaching this conclusion, we note that NYPA was authorized to acquire real property "reasonably necessary for the construction or operation" of the project (Public Authori-

---

1. Under the current statutory scheme, a claim that an appropriation is excessive must be brought pursuant to EDPL 207 (A) (*see* 3 Warren's Weed, New York Real Property § 28.46 [3] [2009]).

2. Indeed, the record reveals that the valuation—as opposed to the extent—of the 1964 appropriation was challenged and resolved in the Court of Claims with a decision issued in 1969.

ties Law § 1007 [10]), and we will not substitute our judgment for that of the duly authorized agency unless the agency's determination of necessity is clearly unreasonable (*see Hallock v State of New York*, 32 NY2d 599, 605 [1973]; *Cuglar v Power Auth. of State of N. Y.*, 4 Misc 2d 879, 898 [1957], *affd* 4 AD2d 801 [1957], *affd* 3 NY2d 1006 [1957]). Significantly, we held in *Cuglar* that "land directly adjoining the [St. Lawrence River] must be owned and controlled by [NYPA]," effectively rejecting the claim that NYPA's appropriation of similarly situated properties for the very same project was unreasonable (*Cuglar v Power Auth. of State of N. Y.*, 4 AD2d at 802). Furthermore, plaintiffs cite no basis for their conclusory assertion that NYPA's offers to convey the parcels to them in 2006 and 2007 equate to an admission that the original appropriations were in bad faith or unreasonable in 1955 and 1964. Given the futility of adding proposed causes of action that are plainly lacking in merit, we find no abuse of the court's discretion here (*see Davis v Wyeth Pharms., Inc.*, 86 AD3d 907, 908 [2011]; *McColgan v Brewer*, 75 AD3d 876, 878 [2010]; *Alaimo v Town of Fort Ann*, 63 AD3d 1481, 1484 [2009]).

We also agree with Supreme Court that dismissal pursuant to the doctrine of laches is appropriate, given the obvious prejudice to NYPA based upon the lapse of time between the appropriations and the commencement of the action (*see Matter of Marshall v City of Albany*, 45 AD3d 1064, 1066 [2007]; *Sparkling Waters Lakefront Assn., Inc. v Shaw*, 42 AD3d 801, 802-803 [2007]; *Delamater v Rybaltowski*, 161 AD2d 1001, 1002 [1990]). Further, plaintiffs' challenge to the fair market value as determined by NYPA in its offers of conveyance is essentially a claim that the determination is "arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Bitondo v State of New York*, 182 AD2d 948, 950 [1992]). Thus, as more than four months had elapsed between the offers of conveyance and the commencement of the action, the challenge to the value assigned to the properties is also untimely (*see* CPLR 217 [1]). Finally, as no appeal lies from the denial of a motion to reargue, plaintiffs' appeal from the order denying reargument must be dismissed (*see Bell v New York State Higher Educ. Servs. Corp.*, 90 AD3d 1261, 1263 [2011]; *Cheney v Cheney*, 86 AD3d 833, 838 [2011]).

Peters, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order entered August 19, 2010 is affirmed, without costs. Ordered that the appeal from the order entered February 24, 2011 is dismissed, without costs.