# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1260**

**OP 13-00924**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF MARY SICOLI, AS EXECUTRIX
OF THE ESTATE OF BENJAMIN M. SICOLI, DECEASED,
AND ANGELO MASSARO, AS TRUSTEE OF THE
TESTAMENTARY TRUST UNDER THE WILL OF BENJAMIN M.
SICOLI, DECEASED, PETITIONERS,

                    V                                    MEMORANDUM AND ORDER

TOWN OF LEWISTON, RESPONDENT.

---

BLAIR & ROACH, LLP, TONAWANDA (J. MICHAEL LENNON OF COUNSEL), FOR
PETITIONERS.

MICHAEL J. DOWD, LEWISTON, FOR RESPONDENT.

---

Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent to condemn certain real property by eminent domain.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this proceeding pursuant to EDPL 207, seeking judicial review of respondent's determination to condemn certain real property, owned in part by petitioners, for the alleged purpose of completing the dedication of a public road. As a preliminary matter, we note that, pursuant to EDPL 207 (C), our review is limited to "whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with SEQRA and EDPL article 2; and (4) the acquisition will serve a public use" (*Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 546; *see Matter of Pfohl v Village of Sylvan Beach*, 26 AD3d 820, 820). Petitioners, as the parties challenging the condemnation, bear the "burden of establishing that the determination was without foundation and baseless (*see Matter of Waldo's Inc. v Village of Johnson City*, 74 NY2d 718, 720), or that it was violative of any of the applicable statutory criteria" (*Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 673; *see Matter of Dudley v Town Bd. of Town of Prattsburgh*, 59 AD3d 1103, 1104; *Pfohl*, 26 AD3d at 820-821).

Here, we conclude that petitioners have failed to meet their burden. Petitioners contend, inter alia, that the proposed taking

served no valid, nonpretextual public purpose. We reject that contention. "[I]t is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill [a public] purpose" (*Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 723; *see Matter of Doyle v Schuylerville Cent. School Dist.*, 35 AD3d 1058, 1059, *lv denied* 9 NY3d 804, *rearg denied* 9 NY3d 939; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675, 676, *lv denied* 5 NY3d 716). Contrary to petitioners' contention, we conclude that respondent did not abuse or improvidently exercise its discretion in determining that "a public use, benefit or purpose will be served by the proposed acquisition" (EDPL 207 [C] [4]).

Finally, we reject petitioners' contention that the proceeding was constitutionally unsound. Petitioners adduced no evidence "to support a finding that [they] have 'been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment' " (*Matter of Gray v Town of Oppenheim*, 289 AD2d 743, 745, *lv denied* 98 NY2d 606, quoting *Village of Willowbrook v Olech*, 528 US 562, 564). We therefore conclude that respondent did not violate petitioners' equal protection rights, and thus "the proceeding was in conformity with the federal and state constitutions" (EDPL 207 [C] [1]). Consequently, we confirm the determination and dismiss the petition.

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court