Matter of Tomassi v City of Buffalo (2019 NY Slip Op 04534)





Matter of Tomassi v City of Buffalo


2019 NY Slip Op 04534


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


39 CA 18-01482

[*1]IN THE MATTER OF GERALD TOMASSI, PETITIONER-APPELLANT,
v
CITY OF BUFFALO, RESPONDENT-RESPONDENT. 






FLAHERTY & SHEA, BUFFALO (KATHLEEN E. HOROHOE OF COUNSEL), FOR PETITIONER-APPELLANT. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (J. CHRISTINE CHIRIBOGA OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered April 18, 2018 in a proceeding pursuant to CPLR article 78. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner is a former firefighter for respondent who was granted performance of duty disability retirement benefits (see Retirement and Social Security Law § 363-c). Thereafter, petitioner received a supplemental benefit until respondent discontinued payment thereof when petitioner attained the mandatory service retirement age of 62 (see General Municipal Law § 207-a [2]; Retirement and Social Security Law § 384-d [i]). Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, reimbursement and reinstatement of the supplemental benefit on the grounds that an amendment to Retirement and Social Security Law
§ 384-d (i) increased the mandatory service retirement age applicable to him to 65 and that he was being denied equal protection of the law inasmuch as other similarly situated firefighters continued to receive the supplemental benefit from respondent. Supreme Court denied the petition, and we affirm.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). Contrary to petitioner's contention, we conclude that the plain language of the amendment and the legislative history thereof establish that the amendment was intended, as relevant here, to permit certain firefighter members of the retirement system who are "capable of performing the duties of their position" to continue working until the age of 65 while retaining the mandatory service retirement age of 62 for other firefighters enrolled in the subject retirement plan (Retirement and Social Security Law § 384-d [i], as amended by L 2008, ch 585). Further, "[w]hen the terms of related statutes are involved, as is the case here, they must be analyzed in context and in a manner that harmonize[s] the related provisions . . . [and] renders them compatible' " (Matter of M.B., 6 NY3d 437, 447 [2006]). Here, inasmuch as it is undisputed that petitioner is not "capable of performing the duties of [his] position" (Retirement and Social Security Law § 384-d [i]), "the mandatory service retirement age applicable to him" is 62 and, thus, the court properly determined that petitioner was not entitled to the supplemental benefit after he attained that age (General Municipal Law § 207-a [2]).
We also conclude that petitioner adduced "no evidence . . . to support a finding that [he] ha[d] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment' " (Matter of Gray v Town of Oppenheim, 289 AD2d [*2]743, 745 [3d Dept 2001], lv denied 98 NY2d 606 [2002], quoting Village of Willowbrook v Olech, 528 US 562, 564 [2000]; see Matter of Sicoli v Town of Lewiston, 112 AD3d 1342, 1343-1344 [4th Dept 2013]). Thus, the court properly determined that the record did not support petitioner's contention that respondent denied him equal protection of the law.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court